UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ROE, et al., on behalf of themselves
and all others similarly situated,
      *Plaintiff,*

vs.

MICHAEL HOGAN, et al,
      *Defendant,*

Case No: H89 - 570 (PCD)

November 22, 2004

MOTION FOR ORDER OF COMPLIANCE

  To the United States District Court for the District of Connecticut at New Haven on the 22 ND, Monday of November, 2004, comes Patrick Arbelo, Connecticut Valley Hospital, Whiting Forensic Division, Middletown, Connecticut, as plaintiff in the above captioned action and moves The Honorable Court for Order Of Compliance. This Honorable Court has jurisdiction to hear this matter and venue is proper in such an action. The plaintiff invokes or requests the pendent jurisdiction of this Honorable Court to hear the claim relating to Article I, Section 8, as amended by the Twenty-First Amendment to the Connecticut Constitution. In support of his motion, the plaintiff in the above captioned action, asserts the following facts:

  In accordance with the United States District Court Consent Judgment the defendant Thomas Kirk, Commissioner of the State of Connecticut Department of Mental Health and Addiction Services was given notification of non compliance with the agreement. Mr. Patrick Arbelo (hereinafter "Mr. Arbelo"), is confined at Whiting Forensic Division, Dutcher Hall, Ward South Two, and is deprived of appropriate psychiatric treatment consistent with his individual clinical status as provided by the Federal District Court Consent Judgment by having been placed in a restrictive classification setting that deprives him of increasing levels of freedom and responsibility equal to civilly committed patients, and other Connecticut Psychiatric

1

Security Review Board patients on the other three wards, South One, South Three, and North Three.

Increasing levels of freedom allowing him unsupervised on-campus passes; employment opportunities afforded to civilly committed patients, and other Connecticut Psychiatric Security Review Board (hereinafter "PSRB"), patients who are given unsupervised on-campus passes to go to and from work unescorted. The opportunity to exercise personal autonomy and responsibility for as much of Mr. Arbelo's daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allows him to go on grounds with staff escort regardless of his individual clinical status. Mr. Arbelo is not allowed to go on off campus rehabilitative or leisure activities afforded to civilly committed patients, and other PSRB patients.

Mr. Arbelo is not allowed consideration for temporary leaves, and is not eligible to be considered for transition into the community or given consideration for conditional release until he is transferred to either South One, South Three, or North Three. Mr. Arbelo on South Two is automatically considered dangerous to himself and others, and treated unequally by being deprived of appropriate psychiatric treatment without regard for individualized consideration of his history, the course of his mental disability, his physical disability, his current mental status, and without a determination of whether participation in a particular program or activity would pose a danger to Mr. Arbelo or others. */ His confinement on ward South Two is an intentional deprivation of appropriate care and treatment that has its goal the restoration or maintenance of his highest level of functioning. *

---

* Mr. Arbelo respectfully asks this Honorable Court to grant this motion as the findings (issued in 1994) of Connecticut's 'Ad Hoc Committee on the Insanity Defense' arguably demonstrate that insanity acquittees suffer from discrimination. These findings include, inter alia, that the public (including members of the criminal justice system) possesses negative stereotypes about insanity acquittees and that acquittees, generally speaking, are subject to discrimination. See "Summary of Findings" STATE OF CONNECTICUT DEPARTMENT OF MENTAL HEALTH Report of the AD HOC COMMITTEE ON THE INSANITY DEFENSE, June 21, 1994, Exhibit A.

2

Mr. Arbelo is confined to a restrictive setting that is in direct violation of the federal District Consent Judgment depriving him in this matter, the appropriate psychiatric treatment in accordance with an individualized treatment plan, his right to be free from unnecessary restraint, his right not to be deprived of his liberty without due process of law, and his right not to be discriminated against because of his mental and physical handicap as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution. Mr. Arbelo mailed the original notification to defendant Thomas A. Kirk, Commissioner in accordance with the provisions of this consent judgment to resolve the compliance issues mentioned herein, though the defendant Commissioner has failed to do so. A copy of the notification was mailed to Philip Tegler, Managing Attorney, Connecticut Civil Liberty Union Foundation, 32 Grand Street, Hartford, Connecticut 06106.

Mr. Arbelo respectfully requests that The Honorable Court take notice of the fact that he is an individual with Bilateral Blindness Secondary to Congenital Glaucoma. Moreover, it is respectfully requested that The Honorable Court takes judicial notice that the REHABILITATION ACT, of 1973 provides:

> "[N]o otherwise qualified handicapped individual in the United States ...**shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal assistance...**" Moreover, 29 U.S.C., 794., TITLE II of the AMERICAN WITH DISABILITIES ACT, which extends Section 505's coverage to state and local governments, mirrors the language of § 504, providing that:
> "[N]o qualified individual with a disability **shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs or activities of a public entity, or be subjected to discrimination by such entity.**" Mr. Arbelo respectfully asks The Honorable Court to take judicial notice of the fact that this Honorable Court stated: "[N]o Connecticut Psychiatric Security Review Board patient **shall be denied access to appropriate therapeutic, recreational, rehabilitative or leisure activities which are available to other patients' committed to the Connecticut Psychiatric Security review Board...**" William Roe, et al., v. Michael Hogan, et al., Civil No. H89-579 (PCD).

Mr. Arbelo has presented to the team of ward South Two several issues susceptible of fair determination,

3

but in direct violation of all above cited Federal Statutes and Court decision, the team refused to do anything about them. He had requested permission to have his guide dog for assistance in his freedom of movement, to be transported to the meetings for the Federation of the Blind of Connecticut, a three hour pass for home visits for the holidays, and he submitted a written request for an advocate for a meeting and the team had denied the request. The team on Ward South Two has however refused to do anything about these requests. These issues are all susceptible of fair determination.

Even assuming, arguendo, pertaining to Mr. Arbelo's potential for dangerousness to himself and others, the truth is that:

      (a) His Bilateral Blindness Secondary to Congenital Glaucoma reduces any potential imminent danger to others; and

      (b) If transferred off of South Two to South One, South Three or North Three Mr. Arbelo would continue to remain in a controlled environment and under twenty four hour a day supervision; and

      (c) In the present setting of confinement on Ward South Two, Mr. Arbelo is exposed to a dangerous environment as he resides with individuals who are an imminent danger to themselves and to others.

One more important concern The Honorable Court should take in consideration when making its decision on whether to grant the motion is that of plaintiff's liberty interest. Unlike a convicted criminal, an insanity acquittee has a higher liberty interest because an acquittees degree of liberty, including unconditional discharge, is conditioned on his/her ability to regain sanity and reduce his/her level of dangerousness while under commitment. When someone is placed in prison, they are placed there for a punitive purpose.

When an individual is placed in a hospital, they are placed there for [treatment]. Acquittees ability to regain their liberty and or degrees of liberty is tied to legal standards, whereas simple <u>conditions of confinement</u> issues are really Eight Amendment issues. Therefore, this Honorable Court cannot ignore the liberty interest of Mr. Arbelo.

4

Other states had found that a person is entitled to be confined to the least restrictive setting either through statute or common law. The District of Colombia recognized that "one who by reason of insanity is acquitted of a crime and...is committed to a mental hospital *is **entitled** to not only treatment, **but treatment in the least restrictive alternative** consistent with the legitimate purposes of a commitment*." Jackson v. United States, 641 A2d 454, 457 (D.C.,).

The "**least restrictive language**" means "that the **treatment must be the best treatment** for the acquittee that protects the public safety." Id. (Emphasis added). Illinois has codified a right to the least restrictive setting in Section 2-102(a) of the mental health code which states that "[a] recipient of services **shall be provided with adequate and humane care and services in the least restrictive environment.**" 405 ILCS 5/2-102(a) (2003).

"The mere fact that plaintiff's have been involuntarily committed as **NGRI acquittees does not deprive them of substantive liberty interest** under the Fourteenth Amendment." C.J. v. Dept. of Mental Health and Development Disabilities, 296 Ill. 3d 17, 27, 693 N.E. 2d 1209, 1215 (1998) (citing Vitek v. Jones, 445 U.S. 480, 491 (1979). "Liberty from bodily restraint **always has been recognized as the core of the liberty protected by the Due Process Clause from arbitrary governmental action.**" C.J., 693 N.E. 2d at 1215 (quoting Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 18 (1979) (Powell, J., concurring in part and dissenting in part). "[I]n Foucha v. Louisiana, U.S. Supreme Court recognized that **freedom from bodily restraint is a liberty interest that applies to insanity acquittees.**" Foucha v. Louisiana, 504 U.S. 71, 80 (1992). C.J., 693 N.E. 2d at 1216. Even when acquittees are found to be in need of a secure placement, the "secure setting is in effect **the least restrictive environment** permitted for NGRI acquittees under the law..." C.J., 693 N.E. 2d at 1213.

In New York, the case of insanity acquittees, the Legislature has outlined procedures for insuring that people committed are not held in a secure facility when they can be safely treated in a less restrictive environment. People v. Betances, 176 Misc. 2d 66, 71, N.Y.S. 2d 930 (1998). *"There is **no logical reason to believe that, in prescribing care and treatment at an appropriate institution, the legislature intended harsher treatment for a patient who is merely accused of a nonviolent criminal act, but not proven to have committed any crime at all, than one found not responsible by reason of mental disease or defect**."* Id.

The final argument the plaintiff has is that the defendant violates his right under the equal protection clause of the Connecticut Constitution and under the United States Constitution. Mr. Arbelo asserts that the Connecticut Constitution provides more expansive protection then he has under the Federal Constitution.

> "[W]e have interpreted the equal protection provisions of the state constitution differently than that contained in the federal constitution, particularly when the **distinctive language** of our constitution calls for an independent construction." (Citation omitted). Daly v. DelPonte, 225 Conn. 499, 513, 624, A2d 876 (1993).

Although the minimum protections to be accorded the citizens of this country are defined by the U.S. Constitution, a state can provide greater protection to its citizens than provided by the federal charter. State v. Joce, 229 Conn. 10, 16, 639 A2d 107, U.S. Cert. Denied 523 U.S. 1077, 118 S. Ct. 1523, 140 L.Ed. 2d 674 (1994).

Article I, § 20 as amended by the Twenty-First Amendment of the Connecticut Constitution provides:

> "No person shall be denied the equal protection of the law **nor be subjected to segregation or discrimination in the exercise or enjoyment** of his of his or her **civil or political rights** because of religion, race, color, ancestry, national origin, sex **or physical or mental disability**. CONN. CONST. AMENDED XXI."

6

In Daly v. DelPonte, supra, the Connecticut Supreme Court reviewed the state constitution, Article I, § 20, as amended, and held that its explicit prohibition of discrimination because of physical or mental disability defines a constitutionally protected class of persons whose rights are protected by requiring encroachments on these rights to pass a strict scrutiny test. Daly v. DelPonte, supra, 513-14. Daly dealt with the petitioner having a physical disability. Daly as well as Mr. Arbelo have a physical disability. The Honorable Connecticut Supreme Court concluded:

> "amendment twenty-one's protection for those possessing **physical and mental disabilities identifies the members of this class as a group especially subject to discrimination** and requires the application of the highest standard of review **to vindicate their constitutional rights**....(t)hat standard requires **strict scrutiny of the challenged government action**." Daly, supra, 515.

Based on the twenty-first amendment of the Connecticut Constitution, persons suffering from mental and physical disabilities cannot be denied the equal protection of the law. Mr. Arbelo is such a person:

    (a)   Having been adjudicated to have a mental illness by a Court; and

    (b)   Mr. Arbelo is a person diagnosed with "365.10 Bilateral Blindness Secondary to Congenital Glaucoma."

Therefore, any state action *threatening or [depraving]* Mr. Arbelo in being treated differently than others with physical or mental disabilities must be reviewed under strict scrutiny analysis. Id. Strict scrutiny analysis requires state action resulting in unequal treatment to be justified in two parts. State action can survive constitutional scrutiny only if it (1) serves a compelling state interest, and (2) is narrowly tailored to serve that interest. (Citation omitted). Daly v. DelPonte, supra, 515.

In the present case pending before The Honorable Court the plaintiff does not contest that the stat's asserted interest in coffining those individuals who are mentally disabled to the extent that their discharge would constitute a danger to others is a compelling state interest. Mr. Arbelo is requesting The Honorable Court grant an Order Of Compliance ordering that the defendant provide the plaintiff with appropriate psychiatric

7

treatment in accordance with an individualized treatment plan, his right to be free from unnecessary restraint, his right not to be deprived of his liberty without due process of law, and his right not be discriminated because of his physical and mental disability as guaranteed by the First, Fourteenth Amendments of the United States Constitution and under Art. I, § 20 as Amended.

"[T]he state may well have a compelling interest in the continued commitment of acquittees whose mental illness makes them dangerous to themselves or others." State v. Metz, at 425. Mr. Arbelo in this Motion is not challenging his commitment to the State of Connecticut Psychiatric Security Review Board.

> "If there are **other,** reasonable ways to **achieve a compelling state purpose** with a **lesser burden** on constitutional **protected activity**, a state may **not choose the way of greater interference.** If it acts at all, **it must choose** '[ *less drastic means* ]'" Attorney General of N.Y. v. Soto-Lopez, 476 U.S. 898, 909, 106 S. Ct. 2317, 90 L. Ed.2d 899 (1986).

In this instance, the less drastic means is readily achievable by an Order Of Compliance granted by The Honorable Court.

CONCLUSION

"**Fairness is what justice really is.**" * JUSTICE POTTER STEWART of THE UNITED STATES SUPREME COURT. ( * Time: 20 th day, October, 1958).

ABRAHAM LINCOLN said it a bit more eloquently, *"These men ask for just the same thing - fairness and fairness only. This, so far is my power, they, and all others, shall have."* ABRAHAM LINCOLN (1809 - 1865), U.S. PRESIDENT. LETTER TO LEONARD SWETT, May 30, 1860. COLLECTED WORKS OF ABRAHAM LINCOLN, vol. 4, p. 57, RUTGERS UNIVERSITY PRESS (1953, 1990).

8

In 1995 Mr. William Roe on behalf of himself and all others similarly situated, cried out for fairness and claimed he is an involuntary committee denied due process of law and that he is discriminated against because of his mental handicap: and he further claimed and argued that he is denied the equal protection of the law - THE HONORABLE U.S. DISTRICT COURT AGREED.

In 2004 Mr. Arbelo cries out for fairness and claims that he is an involuntary committee who is denied due process of law and that he is discriminated against because of his physical and mental handicap: and he further claims and argues that he is denied the equal protection of the law. Mr. Arbelo advances the same argument as articulated and argued by Mr. William Roe on behalf of himself and all others similarly situated under the jurisdiction of State Of Connecticut Psychiatric Security Review Board.

For all the forgoing reasons the plaintiff Mr. Patrick Arbelo respectfully prays The Honorable Court to grant an Order Of compliance ordering the defendant to provide the plaintiff with appropriate psychiatric treatment in accordance with an individualized treatment plan, his right to be free from unnecessary restraint, his right not to be deprived of his liberty without due process of law, and his right not to be discriminated against because of his physical and mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I, Section 20 as amended by the Twenty -First Amendment of the Connecticut Constitution.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
PATRICK ARBELO
SIGNED THIS 22 ND, DAY OF NOVEMBER 2004,

*P. Arbelo*
PATRICK ARBELO
P. O. BOX 551
MIDDLETOWN, CONNECTICUT 06457

SIGNED THIS 22 ND, DAY OF NOVEMBER 2004,

*[signature]*
PATRICK ARBELO
PLAINTIFF,

PERSONALLY APPEARED PATRICK ARBELO, THE ABOVE, PLAINTIFF AND MADE OATH THAT THE FORGOING STATEMENTS ARE TRUE AND CORRECT.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 22 ND, DAY OF NOVEMBER, 2004.

STATE OF CONNECTICUT )

( MIDDLETOWN

COUNTY OF MIDDLESEX )

*[signature]*
CHERYL KRAFT JOHNSON
NOTARY PUBLIC

*Expires: November 30, 2008*

### CERTIFICATION OF THE SERVICE

I, Patrick Arbelo hereby certify that a true copy of the forgoing Motion for Order of Compliance and accompanying Exhibit A was duly served by U.S. Mail, in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure, postage prepaid on this 22 nd, day of November 2004 to:

Thomas Ring, Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141 - 0120

*[signature]*
Mr. Patrick Arbelo
P.O. Box 351 Silver Street
Middletown, Connecticut, 06457

10