UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, ET AL., | : | CIVIL ACTION NO. H89-570 (PCD) |
|    *Plaintiffs* | : | |
| v. | : | |
| | : | |
| MICHAEL HOGAN, ET AL., | : | December 22, 2004 |
|    *Defendants* | | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO MOTION FOR COMPLIANCE

As more fully explained below, the defendants hereby oppose the Motion for Order of Compliance filed by Patrick Arbelo and dated November 22, 2004 for the following reasons:

1. The defendants have not violated the terms of the Agreement of Settlement entered into by the parties to this action and approved by the Court on January 3, 1991.

2. Mr. Arbelo, who is a class member by virtue of his status as a Psychiatric Security Review Board (PSRB) patient, has failed to avail himself of the review process expressly provided for in the Agreement of Settlement in the event of a disagreement between the treatment team and the patient regarding the patient's privileges, restrictions imposed or appropriateness of treatment. See Agreement of Settlement, ¶ 18.

3. The motion seeks to raise claims that go beyond allegations of non-compliance with the terms of the Agreement.

4. The motion was not filed by counsel designated by the Court to represent the legal interests of the class.

### I. BACKGROUND

Patrick Arbelo is a patient at Connecticut Valley Hospital (CVH) who is under the jurisdiction of the PSRB. In a letter to Dr. Thomas Kirk, Commissioner, Connecticut

Department of Mental Health and Addiction Services, dated November 4, 2004, Mr. Arbelo raised certain issues concerning his privileges, restrictions imposed and appropriateness of his treatment at CVH.  Mr. Arbelo advised the Commissioner of his intention to file a motion in the United States District Court for an order of compliance if the issues he raised were not resolved to his  satisfaction within ten (10) days.  Mr. Arbelo did not, either prior or subsequent to his communication to Commissioner Kirk, request a review of is case "by the Assistant Superintendent for Clinical Services, and/or by a senior medical staff psychiatrist who is designated by the Assistant Superintendent for Clinical Services" as is provided for in paragraph 18 of the Agreement of Settlement.    By way of a letter dated November 29, 2004, Commissioner Kirk responded to Mr. Arbelo.   Attachment A.

     Patrick Arbelo was ordered committed to the jurisdiction of the PSRB for a maximum term of eight (8) years by order of the Connecticut Superior Court entered on November 13, 2003.  Affidavit of Dr. Lah, Ex. A.   In its Final Order of Commitment, the court specifically designated Dutcher Hall at CVH as the placement facility for Mr. Arbelo.  Id.   In a Memorandum of Decision dated March 31, 2004, the PSRB, reviewing Mr. Arbelo's status, found that "Patrick Arbelo is a person who should be confined and he is mentally ill to the extent that his discharge or conditional release would constitute a danger to himself or others." Affidavit of Dr. Lah, Ex. B.  Based on that finding, the PSRB ordered that "Patrick Arbelo shall be confined at the Dutcher Service of Connecticut Valley Hospital for the purposes of care, custody and treatment."  Id.   That decision also specified that "[t]his Order may be appealed in accordance with the provisions of Chapter 54 of the Connecticut General Statutes."  Id.

     Dutcher 2 South, which is the unit at CVH where Mr. Arbelo currently resides, was created to provide patients who were not yet ready to transition to the community with a less

restrictive alternative to the Whiting Maximum Security Service where Mr. Arbelo had been located prior to his transfer to Dutcher 2 South.  Affidavit of Dr. Lah.

## II. THE DEFENDANTS HAVE NOT VIOLATED THE TERMS OF THE AGREEMENT OF SETTLEMENT

A.  All CVH Treatment Decisions Concerning Mr. Arbelo Have Been Made On The Basis Of Individual Evaluations And Assessments

The crux of the Roe v. Hogan complaint was that treatment decisions concerning PSRB patients were being made strictly on the basis of their status as PSRB patients, and not on the basis of individualized treatment plans.  Consistent with this concern, the essence of the parties' agreement which settled this lawsuit is the provision which states that "[a]ll decisions concerning the care and treatment of PSRB patients shall be made on the basis of individual evaluations and assessments, the results of which shall be properly documented in the patient's record."  Agreement of Settlement, ¶ 11.  Mr. Arbelo appears to be alleging that treatment decisions concerning him have not been based on individual evaluations and assessments.   In fact, all treatment decisions concerning Mr. Arbelo, including his placement on the Dutcher 2 South unit, have been made on the basis of individual evaluations and assessments of his clinical status, even to the point of involving an additional evaluation of him on two occasions  by a forensic psychiatrist independent of Mr. Arbelo's treatment team.   Far from failing to comply with the provisions of the Agreement of Settlement, the defendants have gone beyond the requirements of the agreement in providing individual evaluations and assessments of Mr. Arbelo.

On October 6, 2003, Dr. Patrick Fox was asked by the CVH Forensic Review Committee to evaluate Mr. Arbelo and provide an opinion as to the least restrictive environment in which he could be safely and appropriately treated.  Affidavit of  Dr. Fox.  At that time, Mr. Arbelo was in the maximum security Whiting facility at CVH.  Id.   Dr. Fox is a Consulting Forensic

3

Psychiatrist. Id. As such, he has considerable experience in the evaluation, care and treatment of forensic patients and is independent of any treatment team. Id.; see also, Agreement of Settlement, ¶ 9 (definition of "Forensic psychiatrist"). In conducting his evaluation, Dr. Fox reviewed Mr. Arbelo's medical records and interviewed the patient. Id. Dr. Fox concluded that Mr. Arbelo could be safely and adequately treated in the enhanced security setting of the Dutcher Building at CVH and that such setting was, at that time, the least restrictive environment in which Mr. Arbelo could be safely treated. Id.

Dr. Virginia Johnson is Mr. Arbelo's Attending Psychiatrist. Affidavit of Dr. Johnson. Dr. Johnson is also the Medical Director of Dutcher 2 South and has held that position since that unit opened in January, 1999. Id. In a status report submitted to the PSRB in August, 2004, Dr. Johnson concluded that Mr. Arbelo remained at risk for repeated violence of self and others without further intensive therapy such as can be provided on Dutcher 2 South. Id. Subsequent to the submission of that report by Dr. Johnson in August, Mr. Arbelo has experienced episodes of angry outbursts, as documented in his medical record. Id. Mr. Arbelo recently told Dr. Johnson that he considers his life a waste, "27 years have been wasted," which is a sign of his hopelessness and depression. Id. Dr. Johnson currently has a heightened concern about Mr. Arbelo's risk of danger to himself without significant improvement in his depression and psycho-social and vocational supports. Id. It is Dr. Johnson's opinion that Mr. Arbelo is appropriately placed on Dutcher 2 South and is not currently an appropriate candidate for transfer to a less secure environment on the basis of his clinical status. Id.

In September, 2004, Dr. Fox was again asked by the CVH Forensic Review Committee to evaluate Mr. Arbelo. This evaluation was conducted for the specific purpose of addressing whether Mr. Arbelo was an appropriate candidate for a transfer from Dutcher 2 South to a less

4

secure Community Transition Unit within the Dutcher building. Affidavit of Dr. Fox. In conducting this evaluation, Dr. Fox reviewed Mr. Arbelo's CVH medical records, spoke with members of Mr. Arbelo's treatment team, including Dr. Johnson, and interviewed Mr. Arbelo. Id. On October 12, 2004, Dr. Fox concluded that Mr. Arbelo was not currently an appropriate candidate for a transfer from Dutcher 2 South. Id. Dr. Fox based his opinion exclusively on his individualized evaluation and assessment of Mr. Arbelo's clinical status. Id.

The care and treatment of Patrick Arbelo at CVH, and specifically within the Dutcher building, clearly has been based on individual evaluations and assessments of Mr. Arbelo. While Mr. Arbelo may disagree with the opinions of those who have evaluated him, including his attending psychiatrist and the consulting forensic psychiatrist, his disagreement with those evaluations is a very different issue from a claim that there have been no evaluations. There simply is no merit to the assertion that the terms of the Agreement of Settlement have been violated with respect to the care and treatment of Patrick Arbelo.

> B.  Mr. Arbelo's Motion Fails To State A Proper Claim Of A Violation Of The Agreement of Settlement In The Absence Of A Determination That His Clinical Status Warrants The Granting Of A Higher Level Of Privileges

Mr. Arbelo seems to be contending that his placement on Dutcher 2 South violates the terms of the Agreement of Settlement in and of itself, since he cannot be granted unsupervised on-campus passes or attend off-campus rehabilitative or leisure activities. What he does not claim, however, is that it has been determined that his current clinical status warrants access to such privilege levels at CVH. In the absence of such a determination, Mr. Arbelo's motion lacks a basis to state a claim of a violation of the Agreement.

A necessary and logical corollary to the requirement that treatment decisions be made on the basis of individual evaluations and assessments is the result that privilege levels will be

5

determined on the basis of individual clinical status.  Accordingly, the Agreement of Settlement recognizes that "[a]ppropriate psychiatric treatment requires that patients be given increasing levels of freedom and responsibility consistent with their individual clinical status."  Agreement of Settlement, ¶ 12.  Unless and until a patient's clinical status warrants being given a particular level of freedom and responsibility, the patient cannot argue that he is being improperly deprived of that level of freedom and responsibility.

Mr. Arbelo's motion does not refer to any determination that his current clinical status warrants the granting of unsupervised on-campus passes or attending off-campus rehabilitative or leisure activities.  The affidavits attached to this memorandum demonstrate that both Mr. Arbelo's attending psychiatrist and the consulting forensic psychiatrist have concluded that his current clinical status does not warrant the granting of those privilege levels.  Consequently, the pending motion, in effect, fails to state a claim for which relief can be granted.  Mr. Arbelo instead seems to be asking this Court to make its own assessment of his clinical status and substitute that for the evaluation of the doctors.   This is simply not appropriate and was never contemplated under the terms of the Agreement of Settlement.

### III.  MR. ARBELO HAS FAILED TO AVAIL HIMSELF OF THE REVIEW PROCESS EXPRESSLY PROVIDED FOR IN THE AGREEMENT OF SETTLEMENT

The claims Mr. Arbelo seeks to raise in his Motion for Order of Compliance relate to "appropriate psychiatric treatment consistent with his individual clinical status," and, more specifically, to "[i]ncreasing levels of freedom."  Motion for Order of Compliance, pp. 1, 2.  Such claims clearly are encompassed within the terms "privileges, type of restrictions imposed or the appropriateness of the treatment."  Disagreements between a patient and the patient's treatment team concerning any or all of such terms are the subject of a review process expressly provided for in the parties' Agreement of Settlement.  This process has not been followed by Mr.

6

Arbelo.  A motion before this Court is not an appropriate substitute for the review mechanism expressly agreed to by the parties and approved by the Court.

Paragraph 18 of the Agreement of Settlement provides that if there is a disagreement regarding "privileges, type of restrictions imposed or the appropriateness of the treatment" that cannot be resolved between the patient and the treatment team, the case "shall be reviewed by the Assistant Superintendent for Clinical Services, and/or by a senior medical staff psychiatrist who is designated by the Assistant Superintendent for Clinical Services, and who is not a member of the treatment team (hereinafter "panel")."  As part of this process, the patient may also "request external consultation from the Director of Forensic Services for the Department of Mental Health, or others who might enhance the patient's care."  At the conclusion of this additional individualized review, the decision of the panel is final as to these treatment issues, even if such decision is contrary to the views of the treatment team.

Mr. Arbelo has not invoked the review process described above with respect to any of the issues raised in his motion.  See Affidavits of Dr. Johnson and Dr. Lah.  Mr. Arbelo is hardly in a position to claim a lack of compliance with the Agreement of Settlement by the defendants when he has failed to exhaust the very process that the parties adopted and this Court approved as the appropriate mechanism to respond to these types of issues.  While Mr. Arbelo alleges a lack of individualized treatment planning, he has not taken the very step prescribed by the Agreement to provide an automatic additional level of individualized review.  As a result, the Court should not entertain Mr. Arbelo's motion.  A motion to the Court alleging non-compliance with the Agreement is not an alternative to, or substitute for, the clinical review process expressly provided for in the parties' Agreement.

7

### IV. THE MOTION FOR ORDER OF COMPLIANCE RAISES CLAIMS BEYOND NON-COMPLIANCE WITH THE TERMS OF THE AGREEMENT

The parties' Agreement of Settlement provides that under certain specified circumstances, "plaintiffs may initiate proceedings in this Court as part of this case, seeking compliance with the provisions of this Agreement which are alleged to have been violated." Agreement of Settlement, ¶ 29. The "provisions of this Agreement," which may be the proper subject of a motion for compliance, are spelled out in the various paragraphs of the Agreement of Settlement.

Mr. Arbelo's motion, although it is entitled "Motion for Order of Compliance" and invokes paragraph 29 of the Agreement of Settlement, seeks to raise claims that go far beyond allegations of non-compliance with the "provisions of this Agreement." By means of his motion, Mr. Arbelo is attempting to raise claims of violations of the Connecticut and United States Constitutions (Due Process and Equal Protection), as well as the federal Rehabilitation Act of 1973. Mr. Arbelo cannot properly raise allegations of violations of federal or state law in a motion that may be brought only to seek compliance with the terms of the parties' agreement. For this additional reason, Mr. Arbelo's motion should be denied by this Court.

### V. CLASS COUNSEL HAS NOT APPLIED FOR AN ORDER OF COMPLIANCE

In pursuing his Motion for Order of Compliance, Mr. Arbelo purports to act not only on his own behalf, but on behalf of other class members as well: "Mr. Arbelo advances the same argument as articulated and argued by Mr. William Roe on behalf of himself and all others similarly situated under the jurisdiction of State of Connecticut Psychiatric Security Review Board." Motion for Order of Compliance, p. 9.

The Federal Rules of Civil Procedure require that the legal interests of a class be at all times represented by qualified, experienced counsel designated by the court. See Foe v. Cuomo,

892 F.2d 196, 198 (2d Cir. 1989), cert. denied 498 U.S. 972 (1990); <u>U.S. Trust Co. of New York v. Alpert</u>, 163 F.R.D. 409, 417 (S.D.N.Y. 1995).  Within this Circuit, it has been recognized that it would be improper for a pro se litigant who is not an attorney to act as legal counsel in a class action.  <u>Shaffery v. Winters</u>, 72 F.R.D. 191, 193 (S.D.N.Y. 1976).

The Connecticut Civil Liberties Union (CCLU) has been designated by this Court as class counsel in the instant action.  Consequently, the legal interests of the plaintiff class must be represented by the CCLU and any legal action taken on behalf of the plaintiff class must be undertaken by the CCLU.  Only in this way can the Court be assured that those interests are being appropriately represented by qualified, experienced counsel.  Requiring legal action to be taken by designated counsel also ensures that any motion for compliance has been reviewed by counsel for purposes of determining that there is a proper legal basis for filing such a motion.  Since the CCLU has not filed any motion relating to compliance with the Agreement of Settlement, no proper claim of non-compliance is before the Court, and for that reason Mr. Arbello's filing should be rejected.

## **CONCLUSION**

For the reasons stated above, the Motion for Order of Compliance filed by Patrick Arbelo should be denied.

                    DEFENDANTS

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

                    Richard J. Lynch
                    Assistant Attorney General

BY:    /s/ Thomas J. Ring

         Thomas J. Ring
         Assistant Attorney General
         Federal Bar No. ct08293
         55 Elm Street
         P.O. Box 120
         Hartford, CT  06141-0120
         Tel: (860) 808-5210
         Fax: (860) 808-5385
         Thomas.Ring@po.state.ct.us

2

# **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum in Opposition to Motion for Compliance was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 22nd day of December, 2004 to:

Mr. Patrick Arbelo
P.O. Box 351
Silver Street
Middletown, CT 06457

Attorney Philip D. Tegeler
Connecticut Civil Liberties Foundation
32 Grand Street
Hartford, CT 06106

/s/ Thomas J. Ring

Thomas J. Ring
Assistant Attorney General

2