UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLLIAM ROE, ET AL. | : | CIVIL ACTION NO. H89-570 (PCD) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HOGAN, ET AL. | : | |
| *Defendants* | : | December 21, 2004 |

## AFFIDAVIT OF PATRICK K. FOX, M.D.

Patrick K. Fox, M.D., being duly sworn, hereby deposes and says:

1. I am over the age of eighteen and understand the obligations of an oath.

2. The information contained herein is based upon my personal knowledge.

3. I am currently employed by the Yale University School of Medicine, Department of Psychiatry and am a Consulting Forensic Psychiatrist for the Connecticut Department of Mental Health and Addiction Services (DMHAS). I have been a Consulting Forensic Psychiatrist for DMHAS since July 1, 1999.

4. I have had considerable experience in the evaluation, care and treatment of forensic patients, as is reflected in my Curriculum Vitae. Exhibit A.

5. In my capacity as a Consulting Forensic Psychiatrist, I was asked by the CVH Forensic Review Committee on October 6, 2003 to evaluate Patrick Arbelo and provide my opinion as to the least restrictive environment in which Mr. Arbelo could be safely and appropriately treated.

6. At the time I conducted my initial evaluation of Mr. Arbelo in 2003, he was in the maximum security Whiting facility at CVH.

7. As a Consulting Forensic Psychiatrist, I am independent of any CVH treatment team.

8. In conducting my evaluation of Mr. Arbelo, I reviewed his medical records and interviewed the patient.

9. The opinion I provided to the CVH Forensic Review Committee in 2003 was that Mr. Arbelo could be safely and adequately treated in the enhanced security setting of the Dutcher Building at CVH and that such setting was, at that time, the least restrictive environment in which Mr. Arbelo could be safely treated.

10. In September, 2004, I was again asked by the CVH Forensic Review Committee to evaluate Mr. Arbelo. This evaluation was conducted for the specific purpose of addressing whether Mr. Arbelo was an appropriate candidate for a transfer from Dutcher 2 South to a less secure community transition unit within the Dutcher building.

11. In conducting this second evaluation, I reviewed Mr. Arbelo's CVH medical records, spoke with members of Mr. Arbelo's treatment team, including Dr. Johnson, and interviewed Mr. Arbelo.

12. On October 12, 2004, I concluded that Mr. Arbelo was not currently an appropriate candidate for a transfer from Dutcher 2 South to a community transition unit. My opinion in this regard was based exclusively on my individualized evaluation and assessment of Mr. Arbelo's clinical status.

/s/ Patrick K. Fox, M.D.
Patrick K. Fox, M.D.

Subscribe and sworn to before me this 21st     day of December, 2004.

/s/ Thomas J. Ring
Commissioner of the Superior Court/Notary Public