UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ROE, et al., on behalf of )
themselves and all others similarly ) CASE NO: H89-570 (PCD)
situated, )
       PLAINTIFF, )
       VS. )
MICHAEL HOGAN, ET AL, ) JUNE 30TH, 2005
       DEFENDANT )

## MOTION FOR ORDER OF COMPLIANCE

James Kelly the plaintiff in the above captioned action motions this court for an order of compliance. The plaintiff relies on the attached declaration in support of his motion as well as the following facts;

In accordance with the United States District Court Consent Judgment the defendant Thomas Kirk, Commissioner of the Department Of Mental Health and Addiction Services was giving notification of non-compliance with the this agreement citing the following facts;

1. The plaintiff James Kelly is confined in, Dutcher Hall, on South Two, at Connecticut Valley Hospital, and is alleging that he is being deprived of appropriate psychiatric treatment consistent with his individual clinical status as provided by the Federal District Court Consent Judgment by having been placed in a restrictive classification setting that deprives him of increasing levels of freedom and responsibility equal to civilly committed patients, and other Connecticut Psychiatric Security Review Board patients on four other wards that confine the same class of individuals.

2. The plaintiff is deprived of increasing levels of freedom allowing him unsupervised on-campus passes; employment opportunities afforded to civilly committed patients, and other Connecticut Psychiatric Security Review Board patients who are given unsupervised on-campus passes to go to and from work unescorted.

3. The plaintiff is deprived of the opportunity to exercise personal autonomy and responsibility for as much of his daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allow him to go on grounds with staff escort regardless of his individual clinical status.

4. Te plaintiff is not allowed to go on off campus rehabilitative or leisure activities afforded to civilly committed patients, and other Connecticut Psychiatric Security

Review Board patients on the other four wards, including movie trips, shopping trips, and other off campus rehabilitative, and leisure activities.

5. The plaintiff is not allowed consideration for temporary leaves, and is not eligible to be considered for transitional leaves into the community or given consideration for conditional release until he is transferred to South One, South Three, North Three or North Two.

6. The plaintiff is treated unequally by being deprived of appropriate psychiatric treatment without regard for individualized consideration of his history, the course of his disability, his current mental status and without a determination of whether participation in a particular program or activity would pose a danger to the patient or others. The plaintiff is deprived of appropriate care and treatment that has as its goal the restoration of the patient to, or maintenance of his/her highest level of functioning.

7. The plaintiff is in a restrictive setting, this setting is in direct violation of the Federal District Consent Judgment depriving the plaintiff appropriate psychiatric treatment in accordance with an individualized treatment plan, his right to be free from unnecessary restraint, his right not to be deprived of his liberty without due process of law, and his right not be discriminated against because of his

mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

8. The defendant Thomas Kirk has been giving ample time in accordance with the provisions of this consent judgment to resolve the compliance issues mentioned herein and as failed to do so.

9. For all the foregoing reasons the plaintiff James Kelly motions this court to grant an Order Of Compliance ordering that the defendants comply with the consent judgment and provide the plaintiff with appropriate psychiatric treatment in accordance with an individualized treatment plan, his right to be free from unnecessary restraint, his right not to be deprived of his liberty without due process of law, and his right not be discriminated against because of his mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

Dated this 30th day of June, 2005

The plaintiff

*James Kelly*

Mr. James Kelly
Connecticut Valley Hospital
Dutcher Hall
Middletown, Connecticut 06457

## CERTIFICATION

I James Kelly hereby certify that a copy of the foregoing Motion for Order of Compliance was mailed postage pre paid to counsel of record on this 30th day of June, 2005.

*James Kelly*
James Kelly
Connecticut Valley Hospital
Dutcher Hall
Whiting Forensic Division
351 Silver Street
Middletown, Connecticut 06457

Thomas Ring, Assistant Attorney General
Office of the States Attorney General
55 Elm Street
Hartford, Connecticut 06144

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUL -8 P 1:27
U.S. DISTRICT COURT
NEW HAVEN, CT

WILLIAM ROE, et al., on behalf of )
themselves and all others similarly ) CASE NO: H89-570 (PCD)
situated, )
      PLAINTIFF, )
VS. )
    ) JUNE 30TH, 2005
MICHAEL HOGAN, ET AL, )
      DEFENDANT )

### DECLARATION IN SUPPORT OF MOTION FOR ORDER OD COMPLIANCE

JAMES KELLY states:

I am the plaintiff in the above caption action. I make this declaration in support of my Motion for Order of Compliance.

1. I am presently confined at Connecticut Valley Hospital, Whiting Forensic Division, Dutcher Hall, ward South Two.

2. In a Memorandum of decision by the Connecticut Psychiatric Security Review Board it was ordered that the plaintiff be transferred to the Connecticut valley Hospital, Dutcher Hall.

3. The plaintiff was transferred to Connecticut Valley Hospital, Dutcher Hall for the purposes of care, custody, and treatment.

4. The plaintiff claims that he was placed on a restricted ward classified as the "Dutcher Intensive Rehabilitation Program (South 2) designed not to exceed level 3a privileges.

5. The plaintiff is deprived of appropriate psychiatric treatment consistent with his individual clinical status as provided by the Federal District Court Consent Judgment by having been placed in a restrictive classification setting that deprives him of increasing levels of freedom and responsibility equal to civilly committed patients, and other Connecticut Psychiatric Security Review Board patients on the other four wards, South One, South Three, North Three and North Two.

6. Increasing levels of freedom allowing him unsupervised on-campus passes, employment opportunities afforded to civilly committed patients, and other

Connecticut Psychiatric Security Review Board patients who are given unsupervised on-campus passes to go to and from work unescorted.

7. The opportunity to exercise personal autonomy and responsibility for as much of his daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allow him to go on grounds with staff escort regardless of his individual clinical status.

8. He is not allowed to go on off campus rehabilitative or leisure activities afforded to civilly committed patients, and other Connecticut Psychiatric Security Review Board patients on the other three wards, including movie trips, shopping trips, and other off campus rehabilitative, and leisure activities.

9. He is not allowed consideration for temporary leaves, and is not eligible to be considered for transition into the community or given consideration for conditional release until he is transferred to either, South One, South Three, North Three or North Two.

10. The plaintiff has been confined on Dutcher South Two since in or about December 2004. He has since gained a privilege level 3a, and has maintained it for some time.

11. The plaintiff claims that the very formulation, and design of Dutcher South two is in violation of the consent judgment in that it deprives him of obtaining a higher level even though he meets the criteria for such a level, thereby depriving him of the same rights, and opportunities as the similar class members who are committed to the Connecticut Psychiatric Security Review Board and are confined on wards South One, South Three, North Three and North Two.

12. The plaintiff claims that the Connecticut Valley Hospital Policy that governs Dutcher South Two violates the Consent Judgment in that it states no specific criteria for placing a patient on the this restrictive unit, and even after recommendation for transfer the patient would wait months in order to exercise that freedom, and responsibility, because Dutcher South Two does not allow the plaintiff to reach or exercise a level higher than a 3a.

13. There is no set criteria for the plaintiff to meet for recommended for transfer to a non-restrictive ward, the plaintiff's treatment plan does not addressed any active psychiatric issues, nor does it address any times lines as states in the consent such as, 1). a detailed statement of the patients' needs in terms of assessed strengths and weaknesses; 2), long-range goals and short-term treatment objectives, stated in specific and measurable terms with time lines; 3.) A description of the particular services and programs which are adequate and appropriate, and the location and frequency thereof, consistent with the patients'

needs and least restrictive of his/her freedom, recognizing the role the PSRB in authorizing temporary leaves and conditional discharges.

14. The plaintiff claims that the primary purpose of the Consent Judgment was to provide appropriate psychiatric treatment equal to civilly committed patients. The plaintiff is treated unequally by being deprived of appropriate psychiatric treatment without regard for individualized consideration of his history, the course of his disability, his current mental status and without a determination of whether participation in a particular program or activity would pose a danger to the patient or others. The plaintiff is deprived of appropriate care and treatment that has as its goal the restoration of the patient to, or maintenance of his/her highest level of functioning.

15. The plaintiff is denied employment opportunities afforded to other Connecticut Psychiatric Security Review Board Patients, as well recreational, and leisure activities. The plaintiff is not allowed on grounds without staff escort.

16. The plaintiff claims that the Department of Mental Health by formulating, and designing such a restricted classification unit for PRSB patients is in violation of paragraph 24 of the consent judgment that specifically states that, "The development of and implementation of each Department of Mental Health

Hospital's Forensic manual shall not be inconsistent with any of the principles or procedures of this policy."

Pursuant to 28 U.S.C., 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of June, 2005.

*James Kelly* (signature)

James Kelly
Connecticut Valley Hospital
Dutcher Hall
351 Silver Street
Middletown, Connecticut 06457