UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ROE, et al., on behalf of all others similarly situated : <br> Plaintiffs, : <br> : <br> -vs- : <br> : <br> MICHAEL HOGAN, et al., : <br> Defendant. : | CIVIL NO. H89-570 (PCD) |

**RULING ON PLAINTIFF'S MOTION FOR AN ORDER OF COMPLIANCE**

Plaintiff, James Kelly, as a class member in this action, moves this Court for an Order of Compliance [Doc. No. 92] of the Roe v. Hogan United States District Court Consent Decree [Doc. No. 38]. For the reasons stated herein, Plaintiff's Motion for an Order of Compliance is **denied**.

I.    BACKGROUND

On August 31, 1989, patients of the Connecticut Psychiatric Review Board ("PSRB") filed a class action against various commissioners of the Department of Mental Health and Addiction Services ("DMH"). The class alleged violations of their rights: (1) to appropriate medical and psychiatric treatment, (2) to be free from unnecessary restraint, (3) not to be deprived of their liberty without due process of law, and (4) not to be discriminated against because of their mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution. In December of 1990, this class action complaint resulted in a Consent Decree among the parties (the "Roe decree").

1

According to the terms of the Roe decree, Plaintiff is a member of the class by virtue of his status as a PSRB patient. Plaintiff, accordingly, moves for an Order of Compliance alleging that Defendants are in violation of the Roe decree.

## II.     CONSENT JUDGMENT STANDARDS

"It is a judicial function and an exercise of the judicial power to render judgment on consent. A judgment on consent is a judicial act." Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944). A consent judgment, also known as a consent decree, established legally binding responsibilities among the parties. Id. Parties will generally enter into a consent decree in order to avoid litigation and thereby enjoy a savings in time and expense. United States v. Armour & Co., 402 U.S. 673, 681, 91 S. Ct. 1752, 29 L. Ed. 2d 256 (1971); Local 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 528-529, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986). The benefits of a consent decree extend beyond time and money, as the parties avoid the inherent risks of litigating any case. Armour & Co., 402 U.S. at 681; City of Cleveland, 478 U.S. at 522 n. 13. These risks include losing a claim on its merits.

Once a consent decree is formally entered, the parties waive their right to litigate that specific claim. Armour & Co., 402 U.S. at 681; Monahan v. NYC Dep't of Corrs., 214 F.3d 275, 286-289 (2d Cir. 2000); 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4443 (2d ed. 2002). Although parties waive their rights to litigate a specific claim, they are entitled to enforcement of their agreed upon judgment. See id; see also States v. ITT Cont'l Baking Co., 420 U.S. 233, 236, 95 S. Ct. 926, 43 L. Ed. 2d 148 (1975); Hart Schafner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 102 (2d Cir. 1965). In other words, "federal courts are not reduced to approving consent decrees and hoping for compliance.

2

Once entered, a consent decree may be enforced." Frew v. Hawkins, 540 U.S. 431, 440, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). Furthermore, "consent decrees are subject to continuing supervision and enforcement by the court. A court has an affirmative duty to protect the integrity of its decree." Berger v. Heckler, 771 F.2d 1556, 1569 (2d Cir. 1985) (internal quotation marks omitted). For enforcement purposes, supervisory jurisdiction may be retained in the decree itself. See E.E.O.C. v. Local 580, Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers, 925 F.2d 588, 593 (2d Cir. 1991). Such jurisdiction may be retained by the issuing federal court, even when a question of federal law is not raised in a Motion to Enforce the agreement. See Hawkins, 540 U.S. at 438-440.

With respect to their interpretation and enforcement, consent judgements are orders that have characteristics of both contract and formal judicial decree. ITT Cont'l Baking Co., 420 U.S. at 236-238 n. 10; Hawkins, 540 U.S. at 437. Judicial interpretation of a consent decree is therefore limited to the agreement's four corners. Id. Nevertheless, the use of certain interpretational aids, such examining the surrounding circumstances, is proper, as is with any other contract. Heckler, 771 F.2d at 1568. Although evaluation is limited to its four corners and interpretational aids, courts are armed with broad discretion when supervising and enforcing these decrees. See Local 580, Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers, 925 F.2d at 593. If a consent decree is violated, then remedies for such a violation may include: civil contempt, declaratory relief, decree amendment, injunctive enforcement, and financial penalties. See Hawkins, 540 U.S. at 440-441; Heckler, 771 F.2d at 1569; Alexander's Dep't Stores, Inc., 341 F.2d at 102; ITT Cont'l Baking Co., 420 U.S. at 243

With these principles in mind, the Court examines Plaintiff's claim that Defendants are

not in compliance with the Roe decree.

### III. DISCUSSION

Plaintiff asserts that Defendants: (1) are not providing appropriate treatment in accordance with his individualized treatment plan, by arbitrarily rejecting his request for increasing levels of freedom; and (2) are violating Plaintiff's constitutional rights under the First and Fourteenth Amendments of the United States Constitution.

Defendants, in response, assert that Plaintiff's Motion should be denied because: (1) it was not filed by designated class counsel; (2) he has failed to avail himself of the review process expressly provided for in the consent judgement; and (3) they have not violated the terms of the consent judgment

The Court's jurisdiction to hear Plaintiff's claim was retained within the consent judgment itself. The jurisdictionally relevant portion of the Roe decree states that, "Plaintiffs may initiate proceedings in this Court as part of this case, seeking compliance with the provisions of this Agreement which are alleged to have been violated." (Consent Judgment ¶ 30).

### A. Threshold Issues

There are two threshold issues that the Court must resolve before it addresses the merits of Plaintiff's claim. First, Defendants argue that Plaintiff lacks standing to bring a consent decree enforcement action, as only class counsel has standing to enforce a consent judgment. The Court disagrees, as it rejected this argument in a motion almost identical to this that was filed by a class plaintiff in this case. [See Doc. No. 98.[1]] Second, Defendants argue that the

---

[1] This Court denied class plaintiff Patrick Arbelo's Motion for Order of Compliance (Doc. No. 98) on September 30, 2005. Plaintiff in the case at bar filed his Motion for Order of Compliance on June 30, 2005, alleging many factually similar claims to those asserted by Mr.

4

Court should not entertain Plaintiff's Motion as Plaintiff did not avail himself of the mandatory internal review process provided for in the Roe decree. The Court disagrees for the following reasons.

According to the Roe decree, when a dispute arises between a patient and his treatment team regarding the treatment plan and corresponding privileges, such disputes are to be reviewed by the Assistant Superintendent for Clinical Services or a staff psychiatrist or his or her designee. (Consent Judgment ¶ 18.) The internal review process has to be satisfied prior to bringing an action in this Court. (Id.) The decree, nonetheless, does not indicate how an internal review is triggered. (Id.) Rather, the decree merely states in general terms that disputes are to be reviewed in the following manner:

> in the event that there is a disagreement regarding privileges, types of restrictions imposed or the appropriateness of the treatment that cannot be resolved between the . . . treatment team and the patient . . . the case shall be reviewed by the Assistant Superintendent for Clinical Services, an/or a senior staff psychiatrist.

(Consent Judgment ¶ 18.) In light of this ambiguous phrasing as to who should initiate this review process, the Court shall examine the surrounding circumstances which brought Plaintiff's claim before the Court. See Heckler, 771 F.2d at 1568.

In support of their Motion, Defendants submitted a letter written by DMH Commissioner Kirk. The letter was addressed to Plaintiff and responded to Plaintiff's concerns that he was not being treated in accordance with the Roe decree. The relevant portion of Commissioner Kirk's

---

Arbelo. Plaintiff filed a Motion for Leave to File an Amended Pleading (Doc. No. 96) on August 12, 2005, which this Court granted (Doc. No. 100), allowing Plaintiff until November 15, 2005 to submit an amended pleading. The November 15 deadline passed and Plaintiff had not yet filed an amended pleading. Lacking the amended pleading, the Court will resolve all claims raised by Plaintiff in his original motion and will make reference to its decision in Mr. Arbelo's motion where the facts are similar or identical.

letter states, "I am writing in response to your letter dated June 4, 2005. I understand your concerns as they relate to Roe v. Hogan . . . [but] I have seen no violation of the conditions set forth in the Roe v. Hogan settlement agreement." In this case, as in Mr. Arbelo's, the Court finds that Plaintiff attempted to trigger an internal review and his claims appear to have been reviewed.

**B.     The Merits**

  **i.     Defendant's Conduct Violated Terms of <u>Roe</u> Decree**

The Court now turns to the merits of Plaintiff's claim. Plaintiff alleges that Defendants have violated the terms of the <u>Roe</u> decree, specifically by not providing appropriate psychiatric treatment in accordance with his individualized treatment plan and arbitrarily denying Plaintiff's requests for increasing levels of freedom.

As this Court stated in Doc. No. 98, the <u>Roe</u> decree provides for individualized treatment plans for all PSRB patients and that part of the individualized treatment plan requires that patients be given increasing levels of freedom and responsibility. However, these increasing levels of freedom and responsibility are predicated on each PSRB patient's relative clinical status as determined by the patient's treatment team in consultation with a forensic psychiatrist. Plaintiff asserts that he has been denied increasing levels of freedom and responsibility without regard for an individualized consideration of his history and without a determination of whether participating in a particular program or activity would pose a danger to the patient or others.

Defendants, in response, have submitted an affidavit of Dr. Johnson, Plaintiff's attending psychiatrist, which states that Plaintiff "has psychiatric disabilities to the extent that he should remain in his present setting, that he cannot be adequately maintained with available treatment and supervision on conditional release, and that his conditional release from the hospital or

discharge from the jurisdiction of the Board would constitute a danger to himself or others."

As this evaluation was made on the basis of Dr. Johnson's individualized assessment of Plaintiff as his attending psychiatrist, the Court concludes that Defendant's actions are consistent with the terms of the Roe decree. The record does not reflect a basis for a contrary finding.

### ii. Constitutional Violations

Plaintiff asserts Defendant, a state actor, violated his constitutional rights to be free from unnecessary restraint, to not be deprived of liberty without due process of law, and not be discriminated against because of mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution. The Court finds these alleged constitutional violations to be without merit.

As Defendant has not violated the terms of the Roe decree -- a consent decree entered into willingly by Plaintiff's class and recognized by the Court as being constitutionally valid -- then a fortiori, Defendant's actions cannot be deemed to have violated Plaintiff's constitutional rights.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for an Order of Compliance is hereby **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, April  27 , 2006

> /s/
> Peter C. Dorsey
> United States District Judge