UNITED STATES DISTRIC COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, et al., on behalf of | ) | |
| Themselves and all others similarly | ) | CASE NO: H89-570 (PCD) |
| Situated, | ) | |
|     PLAINTIFF, | ) | MAY 3RD, 2006 |
| VS. | ) | |
| MICHAEL HOGAN, ET AL, | ) | |
|     DEFENDANT | ) | |

## MOTION FOR RECONSIDERATION

James Kelly by virtue of his status is a plaintiff in the above titled matter. The plaintiff is motioning this Court to reconsider its ruling of April 27th, 2006, denying the plaintiff's Motion for Order of Compliance for the reasons set forth in this motion.

1. In the Courts ruling of April 27th, 2006, the court asserts that the plaintiff, James Kelly filed a Motion for Leave of Court to File an Amended Pleading (Doc. No. 96) on August 12th, 2005, which the Court granted (Doc. No. 100), allowing the plaintiff until November 15th, 2005 to submit an amended pleading.

2. The Court asserts the November 15th, 2005 deadline passed and the plaintiff had not yet filed an amended pleading and therefore lacking the pleading the Court resolved all claims raised by the plaintiff.

3. In support of his Motion for Reconsideration the plaintiff submits the following facts;

1. The plaintiff attached the following documents to his Motion for Leave of Court to Amend of August 12th, 2005;

    a. <u>Objection to Defendant's Memorandum in Opposition to the Plaintiff's Motion for Order of Compliance</u>, signed by the plaintiff James Kelly and dated, August 12th, 2005. (See Exhibit A).

    b. <u>Amended Motion for Order of Compliance</u>, signed by the plaintiff James Kelly and dated, August 12th, 2005. (See Exhibit B).

    c. <u>Certification</u>, signed by the plaintiff James Kelly, stating that the above listed documents were mailed to Thomas Ring, Assistant Attorney General, on August 12th, 2005. (See Exhibit C).

4. It is unknown to the plaintiff why the Court did not receive his Objection to the Defendant's Memorandum in Opposition to his Motion for Order of Compliance as well as his Amended Motion for Order of Compliance which were attached to his Motion for Leave of Court to Amend.

5. The plaintiff can assure the Court however that he did mail them by placing them in the institutional mailbox in the first floor lobby of the Dutcher Hall.

6. It is not plausible to believe that the plaintiff would prepare the attached documents, all dated August 12th, 2005, and then neglect to mail them and now attached them and Motion the Court to Reconsider.

7. The Court should consider that the plaintiff is not trained in the law and is without legal counsel to assist him in preparing the attached documents, in other words drafting these documents doesn't come easy.

For all the reasons stated above and in light of the attached exhibits, the plaintiff respectfully Motions this Court to reconsider its ruling of April 27th, 2006 and reopen this matter for further review of the Amended pleading attached to this Motion.

Signed this 2nd, day of May 2006;

*James Kelly*
James Kelly
Connecticut Valley Hospital
Dutcher Hall
P.O. Box 351, Silver St.
Middletown, Connecticut 06457

UNITED STATES DISTRIC COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, et al., on behalf of | ) | |
| Themselves and all others similarly | ) | CASE NO: H89-570 (PCD) |
| Situated, | ) | |
| PLAINTIFF, | ) | MAY 3RD, 2006 |
| VS. | ) | |
| MICHAEL HOGAN, ET AL, | ) | |
| DEFENDANT | ) | |

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSERATION

JAMES KELLY declares under penalty of perjury:

1. I am the plaintiff in this matter by virtue of my status. I make this declaration in support of my Motion for Reconsideration.

2. As set forth in my motion I prepared the attached documents, 1. Leave of Court to Amend, 2. Objection to Defendant's Memorandum in Opposition and 3. Amended Motion for Order of Compliance.

3. I signed the documents and the certification and mailed the originals to the Court and a copy to the Assistant Attorney General Thomas Ring on August 12th, 2005.

4. The documents were placed in the designated U.S. Mail Box in the first floor lobby of the Dutcher Hall of Connecticut Valley Hospital.

5. For the foregoing reasons the Court should reconsider this matter and reopen for further review of the plaintiff's Amended Motion for Order of Compliance.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 2nd, day of May 2006;

*James Kelly*

James Kelly
Connecticut Valley Hospital
Dutcher Hall
P.O. Box 351, Silver St.
Middletown, Connecticut 06457

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ROE, et al., on behalf of themselves and all others similarly situated, )
)
) CASE NO: H89-570 (PCD)
)
PLAINTIFF, )
)
VS. )
)
MICHAEL HOGAN, ET AL, ) AUGUST 12TH, 2005
)
DEFENDANT )

## MOTION FOR LEAVE TO FILE AN AMENDED PLEADING

Plaintiff James Kelly, pursuant to Rules 15(a) and 19(a), of the Federal Rules of Civil Procedure requests leave to file an amended Motion for Order of Compliance in order to correct errors in his original pleading.

1. This Court should grant leave freely to amend a complaint. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Interroyal Corp. v Sponseller, 889 F.2d 108, 112 (6th Cir.), cert. Denied, 494 U.S. 1090 (1990).

Signed this 12th day of August, 2005.

Respectfully Submitted,

*James Kelly*

Mr. James Kelly
Connecticut Valley Hospital
Dutcher Hall, South 2
Middletown, Connecticut 06457

## CERTIFICATION

I James Kelly hereby certify that a copy of the Motion for Reconsideration was mailed on Tuesday, May 2nd, 2006, to Thomas Ring, Assistant Attorney General, Office of the Attorney General, 55 Elm St., Hartford, Connecticut 06144.

Signed this 2nd, day of May 2006;

*James Kelly*

James Kelly
Connecticut Valley Hospital
Dutcher Hall
P.O. Box 351, Silver St.
Middletown, Connecticut 06457



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ROE, et al., on behalf of themselves and all others similarly situated,<br><br>PLAINTIFF,<br><br>VS.<br><br>MICHAEL HOGAN, ET AL,<br><br>DEFENDANT | CASE NO: H89-570 (PCD)<br><br><br><br><br>AUGUST 12TH, 2005 |

## OBJECTION TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR ORDER OF COMPLAINCE

The plaintiff, James Kelly objects to the defendant's Memorandum in Opposition to his Motion for Order of Compliance. The defendant's have opposed the plaintiff's Motion for Order of Compliance stating that;

1. They have not violated the terms of the Agreement of Settlement.
2. That the plaintiff who is a class member by virtue of his status has failed to avail himself of the review process provided for in the Agreement of Settlement.
3. The motion was not filed by counsel designated by the Court.

## I. THE DEFENDANT'S HAVE VIOLATED THE TERMS OF THE AGREEMENT OF SETTLEMENT

A. The Treatment Decisions Concerning The Plaintiff Have Been Made On The Basis Of Connecticut Valley Hospital Policy That Governs The Restrictive Setting He Has Been Place In

The plaintiff has amended his Motion for Order of Compliance in order to correct errors and better assert his claims against the defendant's. The plaintiff asserts that all treatment decisions are based on Hospital Policy which was created by the Defendant's. The defendant's have been in violation of the Agreement of Settlement since January of 2001, when the unit that the plaintiff is confined on was opened.

Individual evaluations and assessments do not reveal any symptoms that are refractory in nature; the plaintiff doesn't suffer from a mental disability that is out of the ordinary which indicates that he should be treated differently than other clients within the class of individuals who are committed to the Psychiatric Security Review Board.

## II. MR. KELLY DID FOLLOW THE APPROPRIATE PROCEDURE DESPITE THE DEFENDANT'S ASSERTIONS TO THE CONTRARY.

The defendant's assert that the plaintiff has a disagreement with his treatment team on the unit where he resides and that he should have followed the procedure outlined in the Agreement of Settlement which entails requesting a review of his case through the Chief of Professional Services.

The Plaintiff is alleging that the defendant's are in violation of the Agreement of Settlement and in accordance with Paragraph 29 of the Agreement the plaintiff sent notice to the defendant Thomas Kirk in a letter dated June 4th, 2005. The defendant failed to respond within the ten day time period and consequently the plaintiff filed his Motion for Order of Compliance.

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ROE, et al., on behalf of themselves and all others similarly situated, )
) CASE NO: H89-570 (PCD)
)
PLAINTIFF, ) **AMENDED**
VS. )
) AUGUST 12TH, 2005
MICHAEL HOGAN, ET AL, )
DEFENDANT )

## MOTION FOR ORDER OF COMPLIANCE

James Kelly by virtue of his status is a plaintiff in the above titled matter. The plaintiff filed a Motion for Order of Compliance dated June 30th, 2005, after he sent proper notice to the Defendant, Thomas Kirk regarding non-compliance with the Consent Judgment.

The plaintiff in this amended pleading makes the following claims in regards to the defendant's non-compliance with the Consent Judgment:

1. The plaintiff alleges that the defendant's after entering into the above referenced agreement, created a policy that circumvents that very agreement.

2. In or about January of 2001, the defendant's designed a <u>Treatment</u> and <u>Special Assessment Program</u>, Dutcher Hall, South 2, herein after (TASAP). This unit is located in the Dutcher Building at the Connecticut Valley Hospital and houses clients of the Department of Mental Health who are committed to the Jurisdiction of the Psychiatric Security Review Board.

3. The defendant's drafted a specific policy that governs this unit, Dutcher South 2. Its mission, philosophy and scope of care provide for "quality forensic mental health service to persons acquitted of crimes by reason of mental disease or defect.

4. The plaintiff alleges that the policy governing Dutcher South 2 is discriminatory and serves to circumvent the Agreement of Settlement in that it singles out a specific class within the class that the Agreement of Settlement is designed to protect.

5. The plaintiff alleges that upon his admission to (TASAP) he was automatically classified as being in a clinical state of mind that would deprive him of the same treatment and privileges as other clients committed to the Jurisdiction of the Psychiatric Security Review Board.

6. The plaintiff alleges that immediately upon his admission to (TASAP) he was arbitrarily deprived of consideration for on grounds, unsupervised passes, off grounds community trips and a privilege level that would exceed a level that allows him to go on grounds with staff.

7. The plaintiff alleges that the defendant's policy which governs (TASAP) is discriminatory and violates the very nature of the Agreement of Settlement by placing specific class members of the Agreement into a class of specific individuals that are considered to meet a certain criteria.

8. The plaintiff alleges that the defendant's have created a class of individuals within a class that requires him to reach specific goals in order for him to advance to a point in treatment of other class members in the Agreement of Settlement.

9. The plaintiff alleges that he is required to reach specific treatment goals identified by the defendant's within the policy that governs (TASAP).

10. The plaintiff alleges that unlike other class members he is required to have, "<u>awareness of and commitment to treatment and recovery</u>", "<u>awareness of legal issues and responsibilities</u>", "<u>social competency, physical health and hygiene and basic living skills</u>", "<u>sustaining recovery</u>", "<u>preparation of increased self responsibility.</u>"

11. The plaintiff alleges that these treatment goals have to be met by anyone being admitted to (TASAP) prior to consideration for transfer to a community preparation unit.

12. The plaintiff alleges that irregardless of individual clinical evaluations and assessments, his treatment is hindered by being classified as meeting specific criteria within the defendant's policy.

13. The plaintiff alleges that he doesn't meet the specific criteria contained in the defendant's policy, and that if he did, the criteria itself discriminates against him on the grounds of a mental disability by classifying him as a client who, **(1).** "<u>Has reached a predictable level of clinical stability and does not pose a risk of dangerousness to self or others that necessitates treatment in a maximum security setting</u>. **(2).** "<u>Is not to begin the process of reintegration into the community due to outstanding clinical issues</u>. **(3).** <u>Continues to experience difficulties with refractory psychiatric symptoms which prevent referral to the less</u>

<u>restrictive alternatives in the Dutcher Service</u>. **(4)**. <u>Has a need of a focused psychosocial treatment model which allows for specialized evaluation of treatment effectiveness</u>.

14. The plaintiff alleges that he has been placed on (TASAP) and categorized as meeting the above mentioned criteria as a means for the defendant's to discriminate against him, further penalize him by depriving him of privileges that other class members enjoy, to hinder his progress in treatment and evade the Agreement of Settlement.

15. The plaintiff alleges that the defendant's have violated the Agreement of Settlement, paragraph (15) (iv) that provides for the following;

The master treatment plan shall include: 1) a detailed statement of the patient's needs in terms of assessed strengths and weaknesses; 2) long-range goals and short-term treatment objectives, stated in specific and measurable terms with timeliness; 3) a description of the particular services and programs which are adequate and appropriate, and the location and frequency thereof, consistent with the patient's needs and least restrictive of his/her freedom.

16. The plaintiff alleges that the defendant's have not provided him with a Master Treatment plan that provides a statement of the patients needs, nor does it list specific goals that need to be met.

17. The plaintiff alleges that the defendant's have developed a Master Treatment plan that states;

"Mr. Kelly has a history of violence, serious assault."

Goal: Mr. Kelly will be free from threatening and assaultive behaviors.
Obj. 1: Mr. Kelly will be free of verbal and physical outbursts, threats, and assaults. A
Obj. 2: Mr. Kelly will be able to state his crime and the factors that led to it. A
Obj. 3: Mr. Kelly will be able to identify disturbing situations and feelings and be able to tell staff about them." PA
Obj. 4: Mr. Kelly will be able to take PRN medications P

Obj. 5: Mr. Kelly will be able to utilize his own coping strategies to deescalate. PA

"**Progress**: <u>Goals and objectives for 1 & 2 have been achieved. Mr. Kelly has remained free of assaultive or verbally threatening behaviors. He is not always forthcoming with his treaters about situational stressors. He has poor coping skills which he needs to develop.</u>"

**Interventions**: RN clinical assessments twice daily; RN/PNT weekly 1:1 sessions on unit to discuss and review treatment plan, review crime, and factors that led to it, discuss disturbing situations and feelings, and identify positive coping strategies (H. Mercado, RN and B. Notice, MHA); monthly meetings with psychiatrist for up to 1/2 hour and as needed (Dr. Johnson); psychological assessment as clinically indicated (H.Schreer, Ph.D.);

18. The plaintiff alleges that the defendant's developed a Master Treatment Plan that fails to address current psychiatric issues, fails to include a detailed statement of the plaintiff's needs, fails to list long-range goals and short-term treatment objectives, stated in specific and measurable terms with timeliness.

19. The plaintiff alleges that he suffers from a mental disability that is not uncommon to the rest of the class that is served to be benefited by the Agreement of Settlement; the defendant's have failed to identify any symptoms that are refractory in nature or out of the ordinary, yet he is treated in a restrictive setting that deprives him of the same rights and privileges provided to the other class members who are on other units in Dutcher Hall.

20. The plaintiff alleges that the defendant's have violated the Agreement of Settlement, Paragraph 26, when they created the policy that governs (TASAP).

21. Paragraph 26 states that; "In the event that DMH intends to promulgate any regulation in the future which establishes a process or procedure pertaining to any provision contained in this agreement, which is different from the process or procedure outlined in this agreement, DMH shall, so long as plaintiffs' counsel

has requested on an annual basis advance notice of DMH regulation-making proceedings, give notice of its intended action to plaintiffs' counsel in accordance with C.G.S. 4-168 (a). Any process or procedure adopted in future regulations shall supersede any different process or procedure addressed in this agreement provided that such process or procedure is not inconsistent with the principles and purposes of this agreement."

22. The plaintiff alleges that the defendant's have adopted a policy that governs (TASAP), Dutcher South 2, that is inconsistent with the Agreement of Settlement in all respects.

For all of the foregoing reasons, the plaintiff, James Kelly respectfully requests that the Court grant his Motion for Order of Compliance.

Signed this 12th day of August, 2005.

The plaintiff

_James Kelly_
Mr. James Kelly
Connecticut Valley Hospital
Dutcher Hall
Middletown, Connecticut 06457



## CERTIFICATION

I James Kelly hereby certify that a copy of the foregoing Amended Motion for Order of Compliance, Leave of Court to Amend and the plaintiff's Objection to the defendant's opposition was mailed postage pre paid to Thomas Ring, Assistant Attorney General, Office of The Attorney General, 55 Elm St., Hartford, Connecticut 06144 on this 12th day of August, 2005.

*James Kelly*

James Kelly
Connecticut Valley Hospital
Dutcher Hall
Whiting Forensic Division
351 Silver Street
Middletown, Connecticut 06457