UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, et al., on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL NO. H89-570 (PCD) |
| MICHAEL HOGAN, et al., | : : | |
| Defendants. | : | |

**RULING ON MOTION FOR RECONSIDERATION**

On May 3, 2006, Plaintiff James Kelly moved for reconsideration [Doc. No. 102] of the Court's ruling of April 27, 2006 [Doc. No. 101] denying the Plaintiff's Motion for an Order of Compliance with the Roe v. Hogan United States District Court Consent Decree [Doc. No. 38]. Plaintiff Kelly filed his original motion in June, 2005 [Doc. No. 92], which the Defendants opposed in a brief filed in July, 2005 [Doc. No. 93]. On August 12, 2005, Plaintiff Kelly filed a reply to Defendants' opposition memo [Doc. No. 97] and a Motion for Leave to File an Amended Pleading [Doc. No. 96], attached to which was a hard copy of his amended pleading. The Court granted Plaintiff's Motion for Leave to File and ordered him to file his amended pleading by November 15, 2005. Plaintiff Kelly failed to file an amended pleading, and the Court based its April 27th ruling on its review of the briefing on the original pleading.

Plaintiff Kelly now moves for reconsideration on the basis that the Court improperly concluded that he had failed to file his amended pleading by the November 15, 2005 deadline. In general, a party is required to file an amended pleading in accordance with the schedule prescribed by the Court order granting leave to amend, even if the party had attached the amended pleading to its motion for leave to file. As such, Plaintiff Kelly was obligated to file his

amended pleading by November 15, 2005. The hard copy which he had attached to his motion for leave to file was not entered onto the docket, and so the Court did not review it as part of the record when deciding its April 27th, 2006 ruling. However, the Court has discretion to reconsider its prior judgment when a party can point to matters that it had overlooked but that "might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255,257 (2d Cir. 1995). See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Given Plaintiff Kelly's pro se status, as well as the delay, due to no fault of Plaintiff Kelly, in the Court's consideration of both his Motion for an Order of Compliance and of his Motion for Reconsideration, the Court will consider the issues of fact and law raised in Plaintiff's amended pleading. Plaintiff's Motion for Reconsideration [Doc. No. 102] is hereby **granted.** Plaintiff's Amended Motion for an Order of Compliance has been docketed on January 5, 2007 as Doc. No. 103. Defendants may file an opposition memorandum on or before January 25, 2007, and Plaintiff Kelly may file a reply to Defendants' opposition on or before February 8, 2007.

    SO ORDERED.

    Dated at New Haven, Connecticut, this  9th  day of January, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court