UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ROE, ET AL, on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs, | :<br>:<br>:<br>: |
| v. | : Case No. H89-570 (PCD) |
| MICHAEL HOGAN, ET AL,<br>　　　　Defendants. | :<br>:<br>: |

### MEMORANDUM OF DECISION ON MOTION FOR ORDER OF COMPLIANCE

Now pending are Plaintiff James Kelly's Motions for Order of Compliance [Doc. Nos. 92, 103], filed originally on July 8, 2005, and amended on January 5, 2007. In his motions, Plaintiff challenges his treatment in Dutcher Hall, South 2, Connecticut Valley Hospital (CVH) as violative of the Consent Decree (CD) [Doc. No. 38] entered herein. Plaintiff was committed to the jurisdiction of the Psychiatric Security Review Board (PSRB) by the Connecticut Superior Court after his acquittal of criminal charges on the basis of mental disease or defect. By reason of this commitment, Plaintiff was subject to a Treatment and Special Assessment Program (TASP) designed by Defendants, who are responsible for the conduct and treatment program at CVH. According to Plaintiff, the TASP in question was established to govern "this united, Dutcher South 2." (Amended Mot. for Order of Compliance ¶ 3.) Defendants assert that on January 12, 2006, Plaintiff was transferred from Dutcher 2 South to Dutcher 3 North, which is one of Dutcher's "Community Preparation" treatment units. (Defs.' Mem. at 2; Aff. of Dr. Marilynn R. Stuart ¶ 4.) Plaintiff does not contest this assertion. Therefore, he is no longer subject to the Dutcher 2 South policy/program which he challenges. There are no allegations in his motions for an order of compliance other than those directed to "Treatment and Special

Assessment Program, Dutcher Hall, South 2." No legal or factual basis exists for a challenge to a TASP to which Plaintiff is no longer subject. Plaintiff's claim is therefore moot, see City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000), and his motions for an order of compliance are denied.

To ensure clarity in the status of the record, Plaintiff's several challenges, including his January 5, 2007 Motion for an Order of Compliance, have been and remain denied. His claims of a failure to comply with an individual treatment plan developed for him, appropriate to the condition he presented, supported only by his opinions and not by any professional opinions, remain unsubstantiated. As Defendants have extensively shown, Plaintiff Kelly now has an individual treatment plan in place under the aegis of his present attending psychiatrist, Dr. Marilynn Clark. That should leave nothing unresolved as to plaintiff's treatment as far as the Court is concerned.

Plaintiff's Motions for Order of Compliance [Doc. Nos. 92, 103] are hereby **denied**.

SO ORDERED.

Dated at New Haven, Connecticut this 30th day of April, 2007.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE