```
WILLIAM ROE, et al., on behalf of    :
Themselves and all others            :
Similarly situated                   :
                                     :       FILED
              Plaintiffs             :
                                     :       2007 MAY 22 P 2: 31
                                     :       CIVIL NO. H89-570
    v.                               :
                                     :       U.S.
                                     :
MICHAEL HOGAN, et al.                :       May 21st, 2007
                                     :
              Defendants
```

MOTION FOR ORDER OF COMPLIANCE

PRELIMINARY STATEMENT

The plaintiffs filed this action originally in August of 1989, alleging that the defendants failed to provide the plaintiffs with their right to appropriate treatment in accordance with an individualized treatment plan prepared by trained mental health professionals, their right to be free from unnecessary restraint, their right not to be deprived of their liberty without due process of law and their right not to be discriminated against because of their mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution. In order to settle this action the defendants entered into an Agreement of Settlement.

In the present case, the plaintiff, Roy Sastrom brings this action alleging that the defendants are in non-compliance with

the Agreement of Settlement in this matter and motions this Court for an Order of Compliance.

PARTIES

The plaintiff, Roy Sastrom is a client of the Connecticut Department of Mental Health and Addiction Services, herein after (DHMAS). He is confined at the Whiting Forensic Division of Connecticut Valley Hospital where he has remained for the past thirteen years after his acquittal by reason of mental disease or defect on criminal charges. The plaintiff is under the jurisdiction of the Connecticut Psychiatric Security Review Board, herein after (PSRB), for a period not to exceed forty years.

The defendants in this case are Dr. Thomas Kirk, Commissioner of the DMHAS, Mr. Luis Perez, the Chief Executive Officer of Connecticut Valley Hospital, Dr. Stuart Forman, Chief of Professional Services of Connecticut Valley Hospital, Dr. Michael Norko, acting Director of Whiting Forensic Division of Connecticut Valley Hospital, and Dr. John Young, Unit Five Psychiatrist and Dr. Marc Hillbrand, Unit Five Psychologist.

ISSUES OF NON-COMPLAINACE

In accordance with the Agreement of Settlement, Paragraph (15)(b), "Each patient shall be evaluated in accordance with the following guidelines:"

(i). "within three days of admission, each patient shall meet with a member of his/her treatment team, which shall consult with the forensic liaison, and which shall prepare a preliminary individualized assessment of the patient's strengths and needs:"

(iii). "Within ten days of admission the treatment team, in consultation with the forensic liaison, will prepare a written, master treatment plan. The master treatment plan shall be based on a review of the relevant factors, including the patient's records, the results of a face to face evaluation, including a mental status exam; a discussion with the patient of his/her goals and programs and activities in which he/she wishes to participate; and testing and use of other standardized diagnostic measures as appropriate."

(iv). "The master treatment plan shall include: 1) a detailed statement of the patient's needs in terms of assessed strengths and weaknesses; 2) long-range goals and short-term treatment objectives, stated in specific and measurable terms with timelines; 3) a description of the particular services and programs which are adequate and appropriate, and the location and frequency thereof, consistent with the patient's needs and least restrictive of his/her freedom, recognizing the role of the PSRB in authorizing temporary leaves and conditional discharges; 4) a description of the methods by which such services are provided, including designation of the person(s) responsible, monitoring, review and documentation of the actual provision of such services.

The defendant's John Young and Marc Hillbrand have failed to comply with the above mentioned guidelines in developing the plaintiffs' master treatment plan. The master treatment is also

inadequate and fails to address any current problems or behavioral manifestations.

The current master treatment plan addresses the following issues;

<u>Category problem</u> number 1.1 states, "Psychiatric: You have a <u>history</u> of major depressive disorder which is in partial <u>remission</u>. You have a history of frequent somatic complaints associated with co-morbid symptoms of anxiety." <u>Goal</u>: "To maintain psychiatric stability."

<u>Category problem</u> number 1.2 states, "You have a <u>history</u> of substance dependence." <u>Goal</u>: "To remain substance free and to adhere to relapse prevention plan."

<u>Category problem</u> number 2.1 states, "You have a personality structure with impulsive and unstable interpersonal relationships, self-image and affect. You have a history of undermining yourself at the moment a goal is about to be realized." <u>Goal</u>: "To articulate the effects your personality disorder has had on your life and to develop and practice strategies that will enable you to regulate your emotions."

<u>Category problem</u> number 2.2 states, "You have a personality structure that is marked by a history of violating the rights of others, irritability, impulsivity, failure to conform to social norms." <u>Goal</u>: "To remain clinically stable, share with staff if you have a desire to go AWOL or interfere in the lives of others."

<u>Category problem</u> number 5.1 states, "You are under the PSRB for a period not to exceed 40 years." <u>Goal</u>: "To cooperate fully with all recommendations of you commitment and the PSRB."

<u>Category problem</u> number 5.2 states,"You have a history of AWOL from Dutcher." <u>Goal</u>: "Reduce risk."

The defendant's Young and Hillbrand also incorrectly list the plaintiffs' stages of treatment as stage 3, "Community

Transition", phase 1: "Transition to Community Treatment."
Phase 2: Transition to Community Living." The plaintiff is currently confined under conditions of maximum-security and has remained confined under these conditions since December of 2006.

Paragraph (12) of the Agreement of Settlement provides that, "Appropriate psychiatric treatment requires that patients be given increasing levels of freedom and responsibility consistent with their individual clinical status. Both as a means for providing appropriate care and treatment of patients in accordance with C.G.S. 17-257e, and in order to fulfill the Department's responsibility to provide to the PSRB with specific, documented information concerning PSRB patient's functioning and level of dangerousness, it is expected that PSRB patient's will be given the opportunity to exercise personal autonomy and responsibility for as much of their daily activities as is clinically appropriate, considering their history and current mental status."

The defendant's Young and Hillbrand have developed a master treatment plan that fails to address clinical problems or behavioral manifestations that indicate the plaintiffs' need for maximum-security confinement.

Current State Statute, Connecticut General Statutes, Section 17a-599, requires that;

> "At any time the court or the board determines that the acquitee is a person who should be confined, it shall make a further determination of whether the acquitee is <u>so violent</u> as to <u>require confinement under conditions of maximum security</u>. Any acquitee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental

Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquitee."

Paragraph (14) of the Agreement of Settlement provides that;

"Connecticut law requires the DMH hospitals to work in close cooperation with the PSRB to assure that appropriate, individual treatment decisions are made and that the safety of the community is protected. It is expected that the hospitals, through the forensic liaison, <u>will provide the PSRB thorough and comprehensive descriptions of each PSRB patient's clinical status and documentable clinical evidence in support of the hospital's assessment of the patient's mental status and dangerousness.</u>

The defendant's Young and Hillbrand have failed to and cannot provide the plaintiff with a master treatment plan that provides humane, dignified, and clinically appropriate psychiatric treatment. Being that the plaintiff is not violent, nor does he have a history of violence, the defendant's Young and Hillbrand have failed to provide the PSRB with an appropriate clinical recommendation as to placement in a psychiatric facility consistent with the plaintiffs' clinical status.

The plaintiff addressed the issues of non-compliance with the defendant, Dr. Thomas Kirk. The plaintiff gave notice in accordance with the Agreement of Settlement, paragraph (29). The defendant, Dr. Thomas Kirk failed to

acknowledge or respond to the plaintiffs' notice of April 11th, 2007. (See attached correspondence of April 11th, 2007).

The plaintiff in accordance with the Agreement of Settlement, paragraph (18), requested an external review of his case. The plaintiff requested the review in writing in a letter of April 24th, 2007, addressed to the defendant, Mr. Luis Perez. (See attached correspondence of April 24th, 2007).

The defendant, Luis Perez responded to the plaintiffs' request, indicating that he was referring the plaintiffs' concerns to the defendant, Stuart Forman, Chief of Professional Services.

The defendant, Stuart Forman failed to respond to the plaintiffs' request for review. The defendant also failed to conduct a review as requested in accordance with the Agreement of Settlement, paragraph (18).

WHERFORE, the plaintiff motions this Court to enter an Order of Compliance compelling the defendant's to comply with the Agreement of Settlement in this matter.

Signed this 21st day of May, 2007,

Roy Sastrom
Whiting Forensic Division
Connecticut Valley Hospital
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457

## CERTIFICATION

I hereby certify that the attached Motion for Order of Compliance was mailed to counsel for the defendant's, Thomas Ring, Assistant Attorney General, 55 Elm St., Hartford, Connecticut 06106, on May 22nd, 2007.

Signed this 21st day of May, 2007,

*[signature]*
Roy Sastrom
Whiting Forensic Division
Connecticut Valley Hospital
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457

Mr. Roy Sastrom
Connecticut Valley Hospital
Whiting Forensic Division
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457

Dr. Thomas Kirk, Commissioner
Department of Mental Health & Addiction Services
410 Capitol Ave.
Hartford, Connecticut 06134

Re: <u>Notice, Non-compliance with Agreement of Settlement, Roe v. Hogan, Civil No. H89-570 (PCD).</u>

April 11th, 2007

Dear Dr. Kirk:

In accordance with the Agreement of Settlement in the matter of Roe V. Hogan, paragraph 29, I'm giving you ten days notice informing you that Whiting Forensic Division of Connecticut Valley Hospital is non-compliance with said agreement with regards to the following:

Paragraph (15) (b), "Each patient shall be evaluated in accordance with the following guidelines:"

(i). "within three days of admission, each patient shall meet with a member of his/her treatment team, which shall consult with the forensic liaison, and which shall prepare a preliminary individualized assessment of the patient's strengths and needs:"

(iii). "Within ten days of admission the treatment team, in consultation with the forensic liaison, will prepare a written, master treatment plan. The master treatment plan shall be based on a review of the relevant factors, including the patient's records, the results of a face to face evaluation, including a mental status exam; a discussion with the patient of his/her goals and programs and activities in which he/she wishes to participate; and testing and use of other standardized diagnostic measures as appropriate."

(iv). "The master treatment plan shall include: 1) a detailed statement of the patient's needs in terms of assessed strengths and weaknesses; 2) long-range goals and short-term treatment objectives, stated in specific and measurable terms

1

with timelines; 3) a description of the particular services and programs which are adequate and appropriate, and the location and frequency thereof, consistent with the patient's needs and least restrictive of his/her freedom, recognizing the role of the PSRB in authorizing temporary leaves and conditional discharges; 4) a description of the methods by which such services are provided, including designation of the person(s) responsible, monitoring, review and documentation of the actual provision of such services.

The master treatment plan which was developed by the treatment team on unit five at the Whiting Forensic Division was not developed in accordance with the above mentioned guidelines. The master treatment plan developed by the unit treatment team is inadequate and fails to address any current problems or behavioral manifestations.

<u>Category problem</u> number 1.1 states, "Psychiatric: You have a <u>history</u> of major depressive disorder which is in partial remission. You have a history of frequent somatic complaints associated with co-morbid symptoms of anxiety." <u>Goal</u>: "To maintain psychiatric stability."

<u>Category problem</u> number 1.2 states, "You have a <u>history</u> of substance dependence." <u>Goal</u>: "To remain substance free and to adhere to relapse prevention plan."

<u>Category problem</u> number 2.1 states, "You have a personality structure with impulsive and unstable interpersonal relationships, self-image and affect. You have a history of undermining yourself at the moment a goal is about to be realized." <u>Goal</u>: "To articulate the effects your personality disorder has had on your life and to develop and practice strategies that will enable you to regulate your emotions."

<u>Category problem</u> number 2.2 states, "You have a personality structure that is marked by a history of violating the rights of others, irritability, impulsivity, failure to conform to social norms." <u>Goal</u>: "To remain clinically stable, share with staff if you have a desire to go AWOL or interfere in the lives of others."

<u>Category problem</u> number 5.1 states, "You are under the PSRB for a period not to exceed 40 years." <u>Goal</u>: "To cooperate fully with all recommendations of you commitment and the PSRB."

<u>Category problem</u> number 5.2 states, "You have a history of AWOL from Dutcher." <u>Goal</u>: "Reduce risk."

The treatment plan notes that the stages of treatment are stage 3, "community transition, phase 1: <u>Transition to community treatment</u>." Phase 2: <u>"Transition to community living</u>."

This cannot be the case being that I am presently confined under conditions of maximum security.

Paragraph (12) provides that, "Appropriate psychiatric treatment requires that patients be given increasing levels of freedom and responsibility consistent with their individual clinical status. Both as a means for providing appropriate care and treatment of patients in accordance with C.G.S. 17-257e, and in order to fulfill the Department's responsibility to provide to the PSRB with specific, documented information concerning PSRB patient's functioning and level of dangerousness, it is expected that PSRB patient's will be given the opportunity to exercise personal autonomy and responsibility for as much of their daily activities as is clinically appropriate, considering their history and current mental status."

The master treatment plan fails to address any problems or behavioral manifestations in regards to violent behavior or history of violent behavior. Whiting Forensic Division of Connecticut Valley Hospital is a maximum security psychiatric facility. Connecticut General Statutes, section 17a-599, requires that,

"At any time the court or the board determines that the acquitee is a person who should be confined, it shall make a further determination of whether the acquitee is <u>so violent</u> as to <u>require confinement under conditions of maximum security</u>. Any acquitee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquitee.

Paragraph (14) provides that, "Connecticut law requires the DMH hospitals to work in close cooperation with the PSRB to assure that appropriate, individual treatment decisions are made and that the safety of the

3

community is protected. It is expected that the hospitals, through the forensic liaison, <u>will provide the PSRB thorough and comprehensive descriptions of each PSRB patient's clinical status and documentable clinical evidence in support of the hospital's assessment of the patient's mental status and dangerousness.</u>

Whiting Forensic Division of Connecticut Valley Hospital has failed to and cannot provide me with a master treatment plan that provides humane, dignified, and clinically appropriate psychiatric treatment, being that they have failed to provide the PSRB with an appropriate clinical recommendation as to placement in a psychiatric facility consistent with my clinical status which would be Dutcher Hall of Connecticut Valley Hospital.

In accordance with the Agreement of Settlement, if you fail to address these non-compliance issues within ten days I will seek a compliance order through they United States District Court.

Thank you in advance for your cooperation and reply.

Sincerely,

Roy Sastrom

4

Mr. Roy Sastrom
Connecticut Valley Hospital
Whiting Forensic Division
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457

Mr. Luis B. Perez, C.E.O.
Connecticut Valley Hospital
Page Hall
P.O. Box 351, Silver St.
Middletown, Connecticut 06457

April 24th, 2007

Dear Mr. Perez:

In accordance with the Agreement of Settlement in the matter of Roe v. Hogan, case no. H89-570(PCD). I am requesting a review of my case.

Paragraph (18) of the Agreement of Settlement states that;

"In the event that there is a disagreement regarding privileges, type of restrictions imposed or the <u>appropriateness of the treatment</u> that cannot be resolved between the treatment team and the forensic liaison, or between the treatment and the patient, concerning the plan developed in accordance with paragraph (15), the case <u>shall be reviewed</u> by the Assistant Superintendent for Clinical Services, and/or by a senior medical staff psychiatrist who is designated by the Assistant Superintendent for Clinical Services, and who is not a member of the treatment team. The Assistant Superintendent of Clinical Services or the patient may request external consultation from the Director of Forensic Services for the Department of Mental Health, or others who might enhance the patient's care."

There is a disagreement between me and the treatment team as to the following;

1. Whether or not I meet the diagnostic criteria for Borderline Personality Disorder.

2. Whether or not Dialectical Behavioral Therapy is necessary and appropriate treatment.

3. Whether or not I meet the diagnostic criteria of Major Depressive Disorder, In Partial Remission.

1

4.  Whether or not I meet the statutory criteria for maximum-security confinement.

The treatment team has failed to list any current symptoms in the current Master Treatment Plan in regards to both Borderline Personality Disorder and Major Depressive Disorder.

The treatment team has failed to inform me as to my need for maximum-security confinement.

The treatment team has added Dialectical Behavioral Therapy to my treatment plan without an explanation or without my input. They have also refused to provide me with an individual therapist which has been a major part of my treatment for years.

For the above stated reasons I am requesting a review of my case in accordance with the Agreement of Settlement in the matter of Roe v. Hogan. Please be advised that I have notified the Commissioner, Dr. Thomas Kirk in regards to Connecticut Valley Hospital being in non-compliance with the Agreement of Settlement in the matter of Roe v. Hogan. Your failure to respond to this request will result in my initiating an action in Federal District Court, seeking a compliance order.

Thank you in advance for your cooperation and reply.

Sincerely,

Roy Sastrom

2