UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, ET AL. | : | CIVIL ACTION NO. H89-570(PCD) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HOGAN, ET AL. | : | |
| *Defendants* | : | July 6, 2007 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR COMPLIANCE

As more fully explained below, the defendants hereby oppose the Motion for Order of Compliance filed by Roy Sastrom and dated May 21, 2007 for the reason that the defendants have not violated the terms of the Agreement of Settlement entered into by the parties to this action and approved by the Court on January 3, 1991 (Agreement).

### BACKGROUND

Roy Sastrom is a patient at Connecticut Valley Hospital (CVH) who is under the jurisdiction of the Psychiatric Security Review Board (PSRB). On July 1, 1994, Mr. Sastrom was committed to the jurisdiction of the PSRB for a maximum term of forty (40) years after being found not guilty by reason of mental disease or defect on charges of attempted larceny in the first degree (four counts), threatening (four counts) and harassment (four counts) and admitted to the Whiting Forensic Division of CVH. Affidavit of Dr. Young, Ex. A.

On May 2, 2001, the PSRB concluded that Mr. Sastrom could be transferred within the Whiting Forensic Division of CVH from the maximum-security service to the Dutcher Service. Id. On that same date, Mr. Sastrom was transferred from the maximum-security service to the Dutcher 2 South unit, which is a highly structured unit

1

that prepares patients for the community preparation units within the Dutcher Service. Id.

On April 8, 2002, the PSRB approved the transfer of Mr. Sastrom to the Dutcher North 3 unit, which is a community preparation unit. On July 4, 2002, Mr. Sastrom went absent without leave (AWOL) from the Dutcher North 3 unit. Id. He was apprehended and arrested by the Connecticut State Police on July 5, 2002 and later returned to the Whiting maximum-security unit. Id.

On September 30, 2004, the PSRB approved Mr. Sastrom's transfer back to the Dutcher North 3 unit. Id. On August 14, 2006, Mr. Sastrom went AWOL during a community visit on which he was escorted by CVH staff. He was subsequently arrested in Maine on August 22, 2006 and then transferred to the maximum-security hospital in Augusta, Maine. Id.

On August 22 2006, the PSRB ordered that Mr. Sastrom be confined under conditions of maximum security at CVH when he was returned to Connecticut. Id. On November 9, 2006, Mr. Sastrom was convicted in the Maine Superior Court (Skowhegan) of burglary, theft by unauthorized taking or transfer, and unauthorized use of property, sentenced to time served and a fine, and transferred back to the Whiting maximum-security service. Id.

On November 13, 2006, Mr. Sastrom was taken to the Connecticut Superior Court and then remanded to the custody of the Department of Correction and transferred to the Garner Correctional Institution in Newtown, Connecticut (Garner). Id. On December, 20, 2006, Mr. Sastrom was transferred from Garner to the Whiting maximum-security service, where he remains to this day. Id.

In a letter dated April 24, 2007 to Luis Perez, CEO of CVH, Mr. Sastrom requested "a review of my case" pursuant to paragraph 18 of the Agreement. That paragraph provides that if there is a disagreement regarding "privileges, type of restrictions imposed or the appropriateness of the treatment" that cannot be resolved between the patient and the treatment team, the case "shall be reviewed by the Assistant Superintendent for Clinical Services, and/or by a senior medical staff psychiatrist who is designated by the Assistant Superintendent for Clinical Services, and who is not a member of the treatment team (hereinafter "panel")." At the conclusion of this review, the decision of the panel is final as to these treatment issues.

In response to Mr. Sastrom's April 24, 2007 letter to Mr. Perez, the Chief of Professional Services at CVH, Dr. Stuart Forman, asked Dr. Charles Dike, the Medical Director of the Whiting Forensic Division of CVH, to review Mr. Sastrom's diagnosis and recommended treatment. Affidavit of Dr. Dike, Ex. B. Dr. Dike subsequently reviewed Mr. Sastrom's medical records and met with members of Mr. Sastrom's treatment team to discuss his diagnosis and treatment. Id.

As a result of his review, Dr. Dike concluded that Mr. Sastrom's current diagnosis of Borderline Personality Disorder is both consistent with previous diagnoses and appropriate. He further concluded that the recommended treatment of Dialectical Behavioral Therapy is recognized as an appropriate treatment for Borderline Personality Disorder. Id.

Based on his review, Dr. Dike is in agreement with the treatment plan for Mr. Sastrom as written by his treatment team. Dr. Dike subsequently notified Mr. Sastrom of the review Dr. Dike had conducted and of the results of his review. Id.

3

Under Connecticut law, the PSRB is the state agency specifically designated and authorized to determine whether acquittees under the jurisdiction of the PSRB require confinement under conditions of maximum security. Conn. Gen. Stat. § 17a-599. See *Dyous v. Psychiatric Security Review Board*, 264 Conn. 766, 777(2003) (Decisions regarding the level of acquittees' confinement, i.e., maximum security, "are best left to the professional discretion of the board….").

In August, 2006, following Mr. Sastrom's elopement while on an escorted visit to the community, the PSRB ordered that Mr. Sastrom be confined under conditions of maximum security upon his return from Maine. That order remains in effect at this time. Affidavit of Dr. Young, Ex. A. Additionally, the need for Mr. Sastrom to be confined under conditions of maximum security was discussed at a meeting of the Forensic Review Committee at CVH (FRC) on May 7, 2007. Id.  The FRC concluded at its May 7, 2007meeting that, based on recent behavior of Mr. Sastrom, it was not an appropriate time to recommend to the PSRB that it order a transfer of Mr. Sastrrom out of the maximum-security service. Affidavit of Dr. Dike. Mr. Sastrom was notified of the conclusion reached by the FRC in that regard at its May 7, 2007 meeting. Id.

## **CONCLUSION**

It is clear that the defendants have not violated the terms of the Agreement of Settlement entered into in this matter. Mr. Sastrom requested a "review of my case" under paragraph 18 of the Agreement. Paragraph 18 provides a mechanism for review of treatment decisions in the event of a disagreement between the patient and the treatment team. Such a review was conducted in this instance by the Director of the Whiting

4

Forensic Division, Dr. Charles Dike, who looked at both the diagnosis and recommended treatment written by Mr. Sastrom's treatment team.

With respect to the question of Mr. Sastrom's level of confinement, that is an issue entrusted by Connecticut law to the discretion of the PSRB. It should be noted in this regard that the Agreement of Settlement specifically acknowledges the need for PSRB approval when required by law. See, e.g., paragraph 15 e: "Nothing…shall prohibit the treatment team from granting, when clinically appropriate, unsupervised on-campus privileges…unless otherwise requiring the approval of the PSRB." In any case, the need for Mr. Sastrom to be confined under conditions of maximum security has been considered by the FRC as recently as May 7, 2007, and Mr. Sastrom was notified of the conclusions reached by the FRC at its May 7, 2007 meeting in that regard.

For all of the foregoing reasons, the Motion for Order of Compliance filed by Roy Sastrom should be denied.

DEFENDANTS

BY:  RICHARD BLUMENTHAL
     ATTORNEY GENERAL


/s/ Thomas J. Ring
Thomas J. Ring
Assistant Attorney General
Federal Bar No. ct08293
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
E-mail: Thomas.Ring@po.state.ct.us

5

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Memorandum in Opposition to Motion for Compliance was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 6th day of July, 2007 first class postage prepaid to:

Mr. Roy Sastrom
P.O. Box 351
Silver Street
Middletown, CT 06457

Attorney Philip D. Tegeler
Connecticut Civil Liberties Foundation
32 Grand Street
Hartford, CT 06106

                                        /s/ Thomas J. Ring
                                        Thomas J. Ring
                                        Assistant Attorney General