UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, ET AL. | : | CIVIL ACTION NO. H89-570 (PCD) |
| *Plaintiffs*: | : | |
| v. | : | |
| | : | |
| MICHAEL HOGAN, ET AL. | : | |
| *Defendants* | : | July 10, 2007 |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION FOR PROTECTIVE ORDER

### BACKGROUND

The crux of the Roe v. Hogan complaint, which was filed in 1989, was that treatment decisions concerning Psychiatric Security Review Board (PSRB) patients were being made strictly on the basis of their status as PSRB patients, and not on the basis of individualized treatment plans. In December of 1990, judgment entered in this class action by way of a Consent Decree approving the parties' Agreement of Settlement (Agreement).

Paragraph 29 of the Agreement contains specific provisions regarding claims of non-compliance with the terms of the parties' Agreement:

> In the event plaintiffs believe the defendants are in non-compliance with this Agreement, plaintiffs will inform the defendants in writing and afford them ten days to remedy the problem. During this period, the parties will make reasonable, good faith efforts to discuss any identified compliance issues and to resolve these matters through negotiations. In the event that such dispute resolution efforts are unsuccessful, plaintiffs may initiate proceedings in this Court as part of this case, seeking compliance with the provisions of this Agreement which are alleged to have been violated. In such proceedings, the plaintiffs shall seek enforcement of the terms of this Agreement but shall not, in the first instance, seek an order of contempt against any or all of the defendants.

In an April 24, 2007 letter to Luis Perez, CEO of Connecticut Valley Hospital (CVH), Roy Sastrom, a PSRB acquittee,[1] requested an external review of his case "in accordance with the Agreement of Settlement in the matter of Roe v. Hogan [paragraph 18]." The specific issues which Mr. Sastrom wished to have reviewed, as identified in his letter, were the following:

1. Whether or not I meet the diagnostic criteria for Borderline Personality Disorder.
2. Whether or not Dialectical Behavioral therapy is necessary and appropriate treatment.
3. Whether or not I meet the diagnostic criteria of Major Depressive Disorder, In Partial Remission.
4. Whether or not I meet the statutory criteria for maximum-security confinement.

In response to Mr. Sastrom's April 24, 2007 letter to Mr. Perez, the Chief of Professional Services at CVH, Dr. Stuart Forman, asked Dr. Charles Dike, the Medical Director of the Whiting Forensic Division of CVH, to review Mr. Sastrom's diagnosis and recommended treatment. See Defendants' Memorandum in Opposition to Motion for Compliance, p. 3. Dr. Dike reviewed Mr. Sastrom's case, concluded that the treatment team's diagnosis and recommended treatment were appropriate and notified Mr. Sastrom of his conclusions. Id.

With regard to the issue of maximum-security confinement, the PSRB has been specifically designated by the Connecticut legislature as the state agency authorized to determine whether acquittees under the jurisdiction of the PSRB require confinement under conditions of maximum security. Conn. Gen. Stat. § 17a-599. In August, 2006, following Mr. Sastrom's elopement while on an escorted visit in the community, the PSRB ordered that Mr. Sastrom be confined under conditions of maximum security upon his return from Maine. See Defendants'

---

[1] PSRB acquittees are individuals who have been found not guilty of crimes by reason of mental disease or defect. Conn. Gen. Stat. § 17a-580(1).

2

Memorandum in Opposition to Motion for Compliance, p. 4.  That order remains in effect at this time.  Id.

## ARGUMENT

While the terms of the Agreement of Settlement provide, under certain circumstances, for the filing of motions seeking orders of compliance with the terms of the Agreement, there is no provision authorizing post-judgment discovery in connection with the filing of such a motion.  The plaintiff Sastrom has not received or sought authorization from the Court to conduct post-judgment discovery, nor has he propounded any reason why he believes discovery would be necessary for the resolution of his motion.   In that regard, it should be noted that the defendants have already fully responded to the motion for compliance, by way of an opposition memorandum, with affidavits, filed on July 9, 2007.   Since the plaintiff is claiming that the defendants have failed to comply with the terms of the Agreement, it is presumed that he had knowledge of whatever facts he believes support his claim at the time he filed it.

The purpose of discovery in civil actions is to remove surprises from trial preparation.  <u>U.S. ex rel. Schwartz v. TRW, Inc</u>., 211 F.R.D. 388 (C.D. Cal. 2002).   That rationale simply does not apply to a post-judgment motion for compliance such as the motion file by the plaintiff Sastrom.  In the absence of an authorization from the Court finding discovery to be both appropriate and necessary, the defendants should not have to respond to whatever post-judgment discovery requests such a plaintiff decides he would like to make.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court issue a protective order such that they not be required to respond to the discovery requests issued by the plaintiff Sastrom.

                    DEFENDANTS

        BY:   RICHARD BLUMENTHAL

            /s/ Thomas J. Ring  
            Thomas J. Ring  
            Assistant Attorney General  
            Federal Bar No. ct 08293  
            55 Elm Street  
            P.O. Box 120  
            Hartford, CT 06141-0120  
            Tel: (860) 808-5210  
            Fax: (860) 808-5210  
            E-mail: Thomas.Ring@po.state.ct.us

# CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Memorandum in Support of Motion for Protective Order was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 10th day of July, 2007 first class postage prepaid to:

Mr. Roy Sastrom
P.O. Box 351
Silver Street
Middletown, CT 06457

Attorney Philip D. Tegeler
Connecticut Civil Liberties Foundation
32 Grand Street
Hartford, CT 06106

/s/ Thomas J. Ring
Thomas J. Ring
Assistant Attorney General