```
WILLIAM ROE, et al., on behalf of      :
Themselves and all others              :
Similarly situated                     :
                                       :
              Plaintiffs               :    CIVIL NO. H89-570
                                       :
       v.                              :
                                       :
MICHAEL HOGAN, et al.                  :    July 10th, 2007
                                       :
              Defendants
```

## PLAINTIFFS' OBJECTION AND MEMORANDUM TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The plaintiff Roy Sastrom respectfully objects to the defendant's Motion for Protective Order.

The defendant's are seeking a Protective Order that they not be required to respond to discovery by the plaintiff. The defendant's claim in their motion, that there is no provision in the Agreement of Settlement authorizing post-judgment discovery in connection with the plaintiffs' Motion for Order of Compliance. The defendant's further claim that the plaintiff has not received or sought authorization from the Court to conduct post-judgment discovery, nor has he propounded any reason why he believes discovery would be necessary for the resolution of his motion.

The plaintiff relies on the Federal Rules of Civil Procedure, Rule 26(b)(1), which requires that, "parties may obtain discovery regarding any matter, not privileged, <u>that is relevant to the claim or defense</u> of any party."

1

The plaintiff is currently seeking an order of compliance with the Agreement of Settlement in this matter. The discovery that the plaintiff is seeking is in the form of interrogatories and the production of documents. The answers to interrogatories and the documents which are being sought are pertinent to the plaintiff's Motion for Order of Compliance. It is necessary for the defendant's to comply with the plaintiffs' discovery in order for the plaintiff to meet his burden of proof that the defendant's are not in compliance with the Agreement of Settlement.

The defendant's rely on the Federal Rules of Civil Procedure, Rule 26(c), in seeking a Protective Order. However, the defendant's have not shown to this Court that the order they are seeking would protect them from "annoyance, embarrassment, oppression, or undue burden of expense."

It appears that the defendant's are seeking to protect themselves by attempting to persuade this Court to enter an order that would ultimately prevent the plaintiff from being able to prove to this Court that they are not in compliance with the Agreement of Settlement. The plaintiff has recently Objected to the defendant's Opposition to his Motion for Order of Compliance. In that Objection the plaintiff has clearly proved that the defendant's did not comply with policies that they themselves implemented in order to properly carry out the

2

review they so adamantly insist that they conducted. Now the defendant's are seeking a Protective Order from the Court to prevent the plaintiff from proving the remainder of his case in support of his Motion.

## **CONCLUSION**

For the forgoing reasons, the plaintiff respectfully requests that the defendant's Motion for Protective Order be denied and that this Court authorize discovery in this matter and order the defendant's to comply with his discovery request which was made in accordance with the Federal Rules of Civil Procedure.

Signed this 13th day of 2007,

*/s/ Roy Sastrom*
Roy Sastrom
Whiting Forensic Division
Connecticut Valley Hospital
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457

3

```
WILLIAM ROE, et al., on behalf of    :
Themselves and all others            :
Similarly situated                   :
                                     :
              Plaintiffs             :   CIVIL NO. H89-570
                                     :
       v.                            :
                                     :
MICHAEL HOGAN, et al.                :   June 11th, 2007
                                     :
              Defendants
```

## PLAINTIFF'S INTEROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34, of the Federal Rules of Civil Procedure, the plaintiff, Roy Sastrom, submits the following interrogatories and request for documents to the defendants. You are directed to answer each of the interrogatories in writing under oath, and produce each of the requested documents for inspection and copying, within 30 days of service.

1. Identify the Forensic Liaison Team as defined by Paragraph (10) of the Agreement of Settlement.

2. Did a treatment team member meet with the plaintiff within three days of his admission of December 20th, 2006, as required by the Agreement of Settlement, Paragraph 15(i)?

3. If answer is yes to interrogatory 2, please identify the treatment team member and produce any written clinical documentation entered in the plaintiffs' clinical record by that treatment team member in regards to that meeting.

4. If answer is yes to interrogatory 2, did the treatment team member who met with the plaintiff consult with the Forensic Liaison as required by the Agreement of Settlement, Paragraph 15 (i)?

5. If answer is yes to interrogatory 4, did the Forensic Liaison prepare a preliminary individualized assessment of the plaintiffs' strengths and needs as required by the Agreement of Settlement, Paragraph 15 (i)?

6. If answer is yes to interrogatory 5, please produce the document "preliminary individualized assessment" completed by the Forensic Liaison.

7. In reference to plaintiffs' current master treatment plan, problem 1.1, please identify current symptoms exhibited by the plaintiff of major depressive disorder.

8. What are the plaintiffs' current stages of treatment?

9. Does the plaintiff have a history of violence or has he engaged in violence since his admission to Whiting Forensic Division on December 20th, 2006?

10. Did the Psychiatric Security Review Board (PSRB) as a result of it's last hearing which was held on November 17th, 2006, make a finding that the plaintiff was "so violent" that he required confinement under conditions

of maximum-security in accordance with the Connecticut General Statutes, Section 17a-599?

11. If answer is yes to interrogatory 10, please produce the PSRB's Memorandum of Decision determining that the plaintiff is "so Violent" in accordance with Connecticut General Statutes, Section 17a-599.

June 11th, 2007
Roy Sastrom
70 O'Brien Dr.
Middletown, Connecticut 06457

## Certification

I hereby certify that a copy of the plaintiffs' objection to defendants' motion for Protective order was mailed to Counsel for the defendants, Assistant Attorney General, Thomas Ring on July 14th, 2007

Roy Lasthom, pro se
70 O'Brien Dr.
Middletown, Ct. 06457