WILLIAM ROE, et al., on behalf of    :
Themselves and all others
Similarly situated                   :

                                     :

         Plaintiffs                  :           CIVIL NO. H89-570 (PCD)

                                     :

         v.                          :

MICHAEL HOGAN, et al.                :

                                     :           October 9th, 2007

         Defendants                  :

## PLAINTIFFS OBJECTION TO THE DEFENDANTS OPPOSITION TO MOTION FOR ORDER OF COMPLIANCE

The plaintiff objects to the defendant's opposition to his motion for order of compliance.


The plaintiff brought this motion to the court seeking a compliance order alleging the following;


1. The plaintiff first sought resolution to the issues of non-compliance alleged in his motion. The plaintiff sent a letter addressing the non-compliance issues to defendant Dr. Thomas Kirk. No resolution was reached between the plaintiff and the defendant's with regards to the specified issues of non-compliance. The plaintiff afforded the defendants more then the required 10 days in order to attempt to resolve the non-compliance issues. The plaintiff having given appropriate notice to the

1

defendant's in regards the issues of non-compliance with this agreement is now seeking an order from this court.

2. The plaintiff alleges that the defendants are depriving him of humane, dignified and clinically appropriate psychiatric treatment solely based on his status as an acquittee under the jurisdiction of the PSRB.

3. The plaintiff alleges that he has been confined unnecessarily under conditions of maximum-security based on the defendants repeated failures to make an appropriate recommendation to the PSRB that are consistent with the plaintiffs individual clinical status.

4. The defendants have incessantly made recommendations to the PSRB that are inconsistent with the plaintiffs' individual clinical status which has resulted in his prolonged confinement under conditions of maximum-security.

5. The defendants are continually making recommendations to confine the plaintiff in maximum-security solely based on his acquittal of criminal charges by reason of mental disease or defect and subsequent commitment to the PSRB.

6. The defendant's recommendations to the PSRB to continually confine the plaintiff in maximum-security are not based on the plaintiffs current mental status and level of dangerousness.

7. The plaintiff has been confined under conditions of maximum-security for more than four years and deprived of treatment that would be available in a less restrictive setting, but is not available to the plaintiff because he is confined in maximum-security.

8. The defendants have failed to develop a treatment plan that has as its goal to restore or maintain the plaintiff at his highest level of functioning.

9. The defendants instead developed treatment plan that is meaningless and without substance, which only serves as a pretext to his continued confinement under conditions of maximum security.

The defendant's have opposed the plaintiffs' motion. However, it appears that the defendants have simply mirrored their reports to the PSRB. The defendants give an exhaustive background with regards to the plaintiff in this case, however they do not address the allegations made by the plaintiff.

Instead the defendants in their opposition to the plaintiffs' motion for compliance give the following history;

  o Upon his arrival to CVH in 2004, Mr. Schapira was admitted to unit four of Whiting Forensic Division.

3

- o Unit for is a transitional treatment unit.

- o On April 17, 2007, Mr. Schapira was transferred to unit five at whiting.

- o Unit five is also a transitional treatment unit.

- o From the time of his transfer to unit five to approximately October 2007, Mr. Schapira steadily progressed.

- o In October 2007, Mr. Schapira experienced a change in his clinical status.

- o This change seemed to be precipitated by news that his work program job assignment was coming to an end.

- o At the same time, Mr. Schapira learned that he would be receiving fewer points for a particular activity than he had been accustomed to receiving.

- o Mr. Schapira responded to these situations with a hostile tone of voice and vulgar comments.

o The treatment team made efforts to address this episode by making clinically indicated changes in accordance with his wishes.

o Mr. Schapira exhibited angry behavior towards is treatment team and announced he would refuse all of his medications.

o Ultimately, the next day, he agreed to once again work with his treatment team.

o Since this last incident in October 2007, Mr. Schapira continues to progress and make improvement.

o It is the goal of Mr. Schapira's treatment team to transition him to a non maximum-security setting after an adequate period of stability.

The defendant's have claimed that the plaintiff is receiving treatment via a broad range of therapeutic activities, both in group settings and individually.

The defendant's have not addressed the plaintiffs' allegations that he is being held confined under conditions of maximum-security solely based on the fact that he was acquitted of criminal charges on the basis of mental disease or defect.

5

Instead the defendant's make the same excuses they make to the PSRB in their six month reports as to why the plaintiff requires confinement under conditions of maximum-security. In fact if this Court were to review the defendant's reports to the PSRB, specifically the most recent reports, it would be clear that the defendant's have simply changed the format and left the content of their reports the same. The defendant's in opposing the plaintiffs' motion for order of compliance have essentially filed a report with the Court in the form of an Opposition Motion.

The defendant's conclude that "it is clear" that they have not violated the terms of the Agreement of Settlement. But, it is not clear, because the defendant's have evaded the issues addressed in his motion to this Court seeking compliance. The plaintiff is being discriminated against on the grounds that he is a client under the jurisdiction of the PSRB. The plaintiff has been held confined under conditions of maximum-security for years unable to progress in treatment due to the defendant's discriminatory actions. But for the plaintiff being under the jurisdiction of the PSRB, he would not be confined under conditions of maximum-security and would be entitled to treatment in a less secure setting, treatment that is available to other plaintiff in this case under the jurisdiction the PSRB

who are not "so violent" that they require confinement under maximum-security conditions.

Wherefore the Court should grant the plaintiffs' motion and order the defendant's to comply with the Agreement of Settlement in this case and provide the plaintiff with meaningful, humane and dignified treatment in the least restrictive setting based on his current clinical status.

Signed this ___ day of January, 2007,

Robert Schapira

_____
Whiting Forensic Division
70 O'Brien Dr.
Middletown, Ct. 06457

7

## CERTIFICATION

I Robert Schapira hereby certify that a copy of this Objection
to the defendant's Opposition to Motion for Order Compliance was
mailed on this 25th day of January, 2007, to counsel for the
defendant's;


Jacqueline S. Hoell,
Assistant Attorney General
55 Elm Street.  P.O. Box 120
Hartford, CT 06141-0120


Robert Schapira
70 O'Brien Dr.
Middletown, Ct. 06457