UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, et al., | : | NO.  2:89-cv-570 (PCD) |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HOGAN, et al, | : | |
|     *Defendant.* | : | JUNE 19, 2008 |

### DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR PETITION OF HABEAS CORPUS and MOTION FOR WRIT OF MANDAMUS

As more fully explained below, the defendants hereby object to plaintiff, Kenneth Ruggles, Motion for Petition of Habeas Corpus, February 18, 2008 and Motion for Writ of Mandamus, March 15, 2008  for the reasons that these pleadings are improperly filed in the above captioned matter, the Court lacks jurisdiction and that the plaintiff has failed to state a claim.

### BACKGROUND

Mr. Kenneth Ruggles is an acquittee who was committed to the jurisdiction of the Psychiatric Security Review Board (hereinafter "PSRB") effective October 23, 1987 pursuant to Conn. Gen. Stat. § 17a-580.  (See Affidavit attached hereto as Exhibit A.) This jurisdiction was based on the Danbury Superior Court commitment for a period not to exceed forty (40) years after he was acquitted by reason of mental disease or defect of the charges of two counts of attempted murder, assault on a peace officer and attempted assault on a peace officer.  (See Affidavit attached hereto as Exhibit A.)  Mr. Ruggles

commitment to the PSRB is due to expire on October 22, 2027. (See Affidavit attached hereto as Exhibit A.) Mr. Ruggles remains a patient at Dutcher Services of Connecticut Valley Hospital to date. (See Affidavit attached hereto as Exhibit A.)

## ARGUMENT

**A. The Defendants Have Not Violated The Terms of the Agreement of Settlement**

The crux of the <u>Roe v. Hogan</u> complaint was that treatment decisions concerning PSRB patients were being made strictly on the basis of their status as PSRB patients, and not on the basis of individualized treatment plans. Consistent with this concern, the essence of the parties' agreement which settled this lawsuit ensures that "[a]ll decisions concerning the care and treatment of PSRB patients shall be made on the basis of individual evaluations and assessments, the results of which shall be properly documented in the patient's record." Agreement of Settlement, ¶ 11.

The pleadings currently at issue, the Petition for Writ of Habeas Corpus and the Motion for Writ of Mandamus, are not properly brought before this court under the above captioned case of <u>Roe v. Hogan</u>. The substance of the motions has no connection to the <u>Roe v. Hogan</u> case and do not attempt to enforce the settlement agreement already entered in this case. Therefore, these motions are not properly filed in this case, do not relate to this case in any way and should be denied.

**B. The Court Lacks Subject Matter Jurisdiction Because Defendant has failed to Exhaust Available State Remedies**

This application for a writ of habeas corpus, it must be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Habeas corpus requires exhaustion of available state remedies before a federal court can consider the matter. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed. 2d 379 (1982). It is indisputable that no such exhaustion was made in this case. 28 U.S.C. § 2254(b) requires that the highest state court be given an opportunity to pass upon petitioner's constitutional claims prior to filing in federal court. Warren v. Harvey, 472 F. Supp. 1061, 1067 (D. Conn 1979).

If Plaintiff wishes to alleges that he is being held without being afforded due process of law, he can avail himself of the state court remedies. Further, the plaintiff may choose to file an Application for Discharge pursuant to Conn. Gen. Stat.§ 17a-593. Also available as a state remedy is the right to pursue a habeas corpus action pursuant to Conn. Gen. Stat. § 17a-524 which provides, in pertinent part, "[e]ach person confined in a hospital for psychiatric disabilities in this state shall be entitled to the benefit of the writ of habeas corpus, and the question of the legality of such confinement in a hospital for psychiatric disabilities shall be determined by the court or judge issuing such writ. Such writ shall be directed to the superintendent or director of the hospital and, if illegality or invalidity of the commitment is alleged in such writ, a copy shall also be directed to the judge of the committing court as to such claim, and such judge shall be represented by the state's attorney for the judicial district wherein such committing court is located."

### C. Plaintiff Has Failed To State A Claim Upon Which Relief Can be Granted As to Petition for Writ of Habeas Corpus

Habeas corpus is available to prisoners who contend that they are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241. The plaintiff claims that he is being deprived of liberty without due process of law, due to the fact that he is an undercover Operative working with the United Stated Government and now wishes to be released from confinement. However, the plaintiff is confined at Connecticut Valley Hospital pursuant to a valid court order. (See Affidavit attached hereto as Exhibit A.)

### D. Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted as to Motion for Writ of Mandamus

The common law writ of mandamus "… is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 80 L. Ed. 2d 622, 104 S. Ct. 2013 (1984). Mandamus is an "extraordinary remedy to be invoked only in exceptional circumstances." Agunbiadi v. United States, 893 F. Supp. 160, 163 (E.D.N.Y. 1995) (citing Kerr v. United States District Court for the N. Dist. of California, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976); see also Allied Chemical Corp. v. Daiflon, 449 U.S. 33, 34, 66 L. Ed. 2d 193, 101 S. Ct. 188 (1980). In order to invoke mandamus jurisdiction plaintiff must establish (1) that there exists a plainly defined and peremptory duty on the part of the defendant to do the act in question, (2) they have a clear right to the relief sought, and (3) no other adequate remedy is available. Jon Woods Fashions, Inc. v. Curran, 1998 U.S. Dist. LEXIS 3319 (S.D.N.Y.

1988) citing Lovallo v. Froehlke, 468 F.2d 340, 343 (2nd Cir. 1972) cert. den. 411 U.S. 918 (1973).

Plaintiff has failed to state a claim for a Writ of Mandamus as there has never been any order of this court for a Writ of Habeas Corpus as to plaintiff pursuant to the Court's Document History as viewed on PACER. As there has been no habeas order issued by the Court, no such order has ever been served on CEO of Connecticut Valley Hospital, Luis Perez. Plaintiff has failed to establish and/or allege that an order for a Writ of Habeas Corpus exists, that defendants have a defined duty to release the plaintiff, that plaintiff has a right to be released from confinement and that no other remedy is available to him.

## **CONCLUSION**

For the above stated reasons, the defendant requests that the plaintiff's Motion for Petition of Habeas Corpus and Motion for Writ of Mandamus be denied. It is clear that the defendants have not violated the terms of this Agreement of Settlement entered into in this matter by confining the plaintiff at Connecticut Valley Hospital pursuant to a valid court order.

                    DEFENDANTS
                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY: _____
      Jacqueline S. Hoell
      Assistant Attorney General
      Federal Bar No. ct26950
      55 Elm Street. P.O. Box 120
      Hartford, CT  06141-0120
      Tel:860-808-5210Fax:860-808-5385
      Jacqueline.hoell@po.state.ct.us

**CERTIFICATION**

I hereby certify that a true an accurate copy of the foregoing motion was served by first-class mail, postage prepaid in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on the 19th day of June, 2008 to:

Mr. Kenneth Ruggles
P.O. Box 351
Middletown, CT  06457

Attorney Philip D. Tegeler
Connecticut Civil Liberties Foundation
32 Grand Street
Hartford, CT  06106

Attorney Thomas J. Ring
Office of the Attorney General
55 Elm Street
Hartford, CT  06141

_____
Jacqueline S. Hoell
Assistant Attorney General