UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ROE, et al.,<br>     Plaintiff, | :<br>:<br>: | |
| v. | : | Case No. 02:89-cv-570 (PCD) |
| MICHAEL HOGAN, et al.,<br>     Defendants. | :<br>:<br>: | |

**RULING ON PLAINTIFF'S MOTION FOR WRIT OF HABEAS CORPUS
AND MOTION FOR WRIT OF MANDAMUS**

Plaintiff Kenneth Ruggles has moved for a writ of habeas corpus, for a writ of mandamus to enforce the writ of habeas, and a subpoena ordering Defendants to produce him to the Court in order to enforce the requested writs of habeas and mandamus. For the reasons stated below, Plaintiff's motions [Doc. Nos. 138, 139, 142] are **denied.**

Plaintiff Ruggles was committed to the jurisdiction of the Psychiatric Security Review Board ("PSRB") pursuant to Conn. Gen. Stat. § 17a-580 effective October 23, 1987. (See Defs.' Mem. in Opp. to Pl.'s Mot., Ex. A ¶ 3.) On August 24, 2004, Mr. Ruggles, by order of the PSRB, was transferred from Whiting, a maximum security mental health facility, to the less restrictive Dutcher Services at Connecticut Valley Hospital, where he currently resides as a patient. (Id. at ¶¶ 5, 6.) Mr. Ruggles's commitment to the PSRB is set to expire on October 22, 2027. (Id. at ¶ 4.)

Plaintiff filed his petitions under the above-captioned matter, Roe v. Hogan, which arose out of a complaint alleging that treatment decisions concerning PSRB patients were being made strictly on the basis of their PSRB status and not on the basis of individualized treatment plans. This matter resulted in a consent decree [Doc. No. 38] pursuant to which Defendants must adhere to certain individualized treatment plan procedures. This Court has retained jurisdiction over the

matter to the extent necessary to enforce the provisions of the consent decree, which provides that "Plaintiffs may initiate proceedings in this Court as part of this case, seeking compliance with the provisions of this Agreement which are alleged to have been violated." (Consent Judgment ¶ 30).

Plaintiff Ruggles's motions fail in the first instance because his pleadings are not properly brought before the Court under the above-captioned case of Roe v. Hogan. The substance of Plaintiff's motions concern the legality of his detention. However, they make no allegations or arguments pertaining to his individualized treatment plan, nor do they otherwise attempt to enforce the settlement agreement entered in this case. Because his motions have nothing to do with compliance with the provisions of the settlement agreement, they are not properly filed in this case and must be denied on that basis.

Even if Plaintiff's application for a writ of habeas corpus was properly filed in this matter, it would have to be dismissed for failure to exhaust available state remedies. Habeas corpus pursuant to 28 U.S.C. § 2254 requires exhaustion of available state remedies before a federal court can review the matter. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ...."); Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Here, Plaintiff Ruggles has not asserted that he has availed himself of, let alone exhausted, the state court remedies. Plaintiff may choose to file an Application for Discharge pursuant to Conn. Gen. Stat. § 17a-592 or pursue a habeas corpus action pursuant to Conn. Gen. Stat. § 17a-524, which entitles a person confined in a Connecticut hospital for psychiatric disabilities to the

benefit of the writ of habeas corpus. However, without Plaintiff's having done so and exhausting the available state remedies, this Court lacks jurisdiction to review Plaintiff's habeas claims.

Moreover, Plaintiff has failed to state a claim upon which relief can be granted in either his motion for a writ of habeas or his motion for a writ of mandamus. In his habeas petition, Plaintiff Ruggles asserts that he is deprived of liberty without due process of law because he is an undercover Operative working with the United States Government. However, Plaintiff is confined at Connecticut Valley Hospital pursuant to a valid court order (see Defs.' Mem., Ex. A at ¶3), and he has made no showing, other than his conclusory allegations, that any undercover work he may perform for the Government has any bearing on the validity of his confinement. Mr. Ruggles has therefore failed to state a claim that he is currently in custody in violation of the Constitution or the laws of the United States. See 28 U.S.C. § 2241.

Similarly, Plaintiff has not stated a claim entitling him to a writ of mandamus. The common law writ of mandamus, an extraordinary remedy invoked only in exceptional circumstances, see Agunbiade v. United States, 893 F. Supp. 160, 163 (E.D.N.Y. 1995) (citing Kerr v. U.S. Dist. Court for the N. Dist. of California, 426 U.S. 394, 400, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)), is intended to provide a remedy for a plaintiff "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984) (citations omitted). Mandamus is an available remedy only if there exists: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Jon Woods Fashions, Inc. v. Curran, No. 85 CIV. 3203 (MJL), 1988 WL 38585, at *1 (S.D.N.Y. April 19, 1998)

(citing Lovallo v. Froehlke, 468 F.2d 340, 343, cert. denied, 411 U.S. 918 (1973)). In this case, Mr. Ruggles requests a writ of mandamus to enforce the writ of habeas corpus which he requested in a previous motion. Because there is no basis for issuing a writ of habeas corpus in this matter, Plaintiff Ruggles is not entitled to the extraordinary remedy of a writ of mandamus. Plaintiff is also not entitled to an order from this Court issuing a subpoena on anyone to enforce the requested writs.

For these reasons, Plaintiff's Motions for a Writ of Habeas Corpus [Doc. No. 138], a Writ of Mandamus [Doc. No. 139], and for a Subpoena [142] are hereby **denied.**

SO ORDERED.

Dated at New Haven, this __15th__ day of July, 2008.

                                        /s/
                              Peter C. Dorsey, U.S. District Judge
                              United States District Court